OPINION OF THE COURT
Memorandum.
The order of the Appellate Division in each case should be affirmed, with costs; the certified question in Manning is not answered as unnecessary.
*974 In Howard, plaintiff, who was 6 feet, 3 inches tall, sustained severe and permanent injuries upon diving head first into an above-ground pool having a water depth of about four feet. Plaintiff stated that he attempted to dive through an inner tube that was floating in the water some eight feet from the deck of the pool. It is undisputed that plaintiff was an experienced swimmer familiar with diving techniques, that he had been swimming in the pool for about 45 minutes prior to the accident, and that he knew the water was shallow. At his examination before trial, plaintiff testified that he had been informed of the water depth and that when he stood in the pool, the water level was about "chest high”. Additionally, plaintiff acknowledged that he was generally familiar with the danger that injury might result from diving head first into shallow water.
As in Howard, the plaintiff in Manning suffered debilitating injuries upon diving into an above-ground pool owned by his parents. At his examination before trial, plaintiff testified that he considered himself to be a "good” swimmer and that he had used the pool in question about 20 times prior to the date of the accident. Plaintiff also stated that he was 5 feet, 11 Vi inches tall, that he was aware that the water depth was only about 4 Vi feet, and that when he stood in the pool the water level was about "chest high”. Plaintiff conceded that he dove into the water head first from a deck adjacent to the pool and that he could see the bottom of the pool at the time of his dive.
Plaintiffs in Howard and Manning argue that the defendants were under a duty to warn potential users of this type of shallow pool of the danger of injury inherent in diving into them. Even assuming such a duty existed, however, summary judgment was properly granted upon the facts of each case. "To carry the burden of proving a prima facie case, the plaintiff must generally show that the defendant’s negligence was a substantial cause of the events which produced the injury” (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315). Although it is ordinarily for the trier of fact to determine legal cause, "where only one conclusion may be drawn from the established facts * * * the question of legal cause may be decided as a matter of law” (Derdiarian v Felix Contr. Corp., 51 NY2d, at 315, supra). In each case, the record eliminates any legal cause other than the reckless conduct of the plaintiff who "by virtue of [his] general knowledge of pools, his observations prior to the accident, and plain common sense * * * *975 must have known that, if he dove into the pool, the area into which he dove contained shallow water”, and thus posed a danger of injury (Smith v Stark, 67 NY2d 693, 694). Thus, each plaintiff’s conduct, rather than any negligence by the defendants in failing to issue warnings, was the sole proximate cause of his injuries (Boltax v Joy Day Camp, 67 NY2d 617; Smith v Stark, 67 NY2d 693, supra).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Bellacosa concur; Judge Hancock, Jr., taking no part.
In Howard v Poseidon Pools: Order affirmed, with costs, in a memorandum.
In Manning v Manning: Order affirmed, with costs, in a memorandum. Certified question not answered as unnecessary.