■ JAMES SULLIVAN et al., Appellants, v 673 FIRST AVENUE ASSOCIATES et al., Respondents. 673 FIRST AVENUE ASSOCIATES et al., Third-Party Plaintiffs-Respondents, et al., Third-Party Defendant. [673 NYS2d 82] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about May 22, 1996, which granted defendants' motion and cross motions for summary judgment dismissing the complaint and all cross claims against them, unanimously affirmed, without costs.

In an attempt to gain access to an elderly man locked inside an office, plaintiff James Sullivan, a building porter, entered the penthouse office on the floor above and climbed over its terrace, believing he could jump to the balcony of the floor below and enter the locked office from there. However, as Sullivan hung by his hands from the terrace railing, he realized that the drop to the balcony was substantially further than he had originally estimated. He then attempted to climb back up to the penthouse terrace but fell to the lower balcony when his hands slipped from the railing.

Assuming the truth of plaintiffs' allegations that defendants, the owners and managing agent of the building, were negligent

in failing to have available a spare set of keys to the locked office and that their agent suggested that Sullivan try to gain access to that office from the terrace of the penthouse above, the IAS Court, nonetheless, properly granted defendants' motion and cross motions for summary judgment since Sullivan's unforeseeable and reckless act of attempting to lower himself over the penthouse terrace railing broke any causal chain stemming from defendants' alleged negligence and was itself the superseding cause of Sullivan's harm (*see, Boltax v Joy Day Camp*, 67 NY2d 617, 619).

Although plaintiffs assert that the IAS Court erred in failing to apply the rescuer doctrine in this case, since they did not rely on that doctrine in the motion court, where the facts pertinent thereto might have been established, they may not invoke the doctrine now in support of their contentions on appeal (*Szigyarto v Szigyarto*, 64 NY2d 275, 280). In any event, as noted, Mr. Sullivan's own reckless actions were the proximate cause of his injuries (*see, de Peña v New York City Tr. Auth.*, 236 AD2d 209, *lv denied* 90 NY2d 808). Concur—Rosenberger, J. P., Wallach, Williams and Saxe, JJ.