■ ENRICHMENT ENTERPRISES, INC., Appellant, v JEMPRIS REALTY CORP., Respondent. [707 NYS2d 504] —In an action, *inter alia*, to recover damages for loss of business property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 15, 1999, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

A building owned by the defendant, in which the plaintiff leased space for its light manufacturing business, was destroyed by a fire. The unrebutted evidence in the record attributed the cause of the fire to one or two lightning strikes during an electrical storm. The plaintiff commenced this action to recover damages for loss of business property and lost profits

contending that the defendant's violation of certain provisions of the State Uniform Fire Prevention and Building Code (9 NYCRR 1173.1 [g]; 1163.6 [c] [2]), accelerated the spread of the fire and caused the loss of its entire business.

Although the violation of those provisions, if proven, would constitute some evidence of negligence (see, Hill v Cartier, 258 AD2d 699; McCullough v Gardner, 187 AD2d 937), the defendant met its burden of establishing as a matter of law that the alleged negligence was not "a substantial cause of the events which produced the injury" (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315). The defendant's expert, who had 20 years experience in investigating fires, concluded that the fire rapidly accelerated due to the wind, the tar roof, and the flammable materials stored by the tenants, and that the violations cited by the plaintiff were "innocuous factors" in contributing to the rapid spread of the fire.

The expert's affidavit submitted by the plaintiff was without probative force and was insufficient to defeat the motion for summary judgment. The professional background of the plaintiff's expert, which did not include experience in investigating fires, was insufficient to lend credence to his opinions, and he failed to provide a scientific basis for his conclusions (see, Romano v Stanley, 90 NY2d 444). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Joy, J. P., Florio, H. Miller and Smith, JJ., concur.