■ THOMAS M. HYDE et al., Respondents, v LONG ISLAND RAILROAD COMPANY et al., Appellants. [717 NYS2d 231] —In an action to recover damages for personal injuries, etc., the defendants separately appeal from so much of an order of the Supreme Court, Queens County (Golar, J.), dated May 17, 1999, as denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The injured plaintiff testified at his deposition that he tripped over a pipe which was protruding from the ground on property allegedly under the control of the defendants. The defendants correctly contend that at times during his deposition, the injured plaintiff stated that he remembered nothing about the

fall and that he never came into contact with the pipe before his fall. However, in light of the evidence in the record that the plaintiff has diminished cognitive skills as a result of the fall, we cannot conclude that his deposition testimony that he tripped over the pipe is feigned and not genuine.

The defendants contend that the protruding pipe was not a proximate cause of the injured plaintiff's fall. They rely on an affidavit submitted by the plaintiffs' expert in a medical malpractice action entitled *Hyde v City of New York* arising from treatment received by the injured plaintiff as a result of the same accident. In that affidavit the expert stated that the injured plaintiff would not have fallen had he been properly diagnosed with cerebral vascular disease before the date of the accident. That affidavit, however, does not preclude, as a matter of law, the possibility that there were other proximate causes of the injured plaintiff's fall, such as the protruding pipe (*see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308). Indeed, it is well settled that there can be more than one proximate cause of a plaintiff's injuries (*see, Blass v Hong,* 240 AD2d 187).

Under the circumstances, although the defendants made out prima facie cases for summary judgment, the plaintiffs raised triable issues of fact as to the cause of the injured plaintiff's fall, and the defendants' respective motions for summary judgment were properly denied (*see, Zuckerman v City of New York,* 49 NY2d 557). Bracken, J. P., O'Brien, Santucci and McGinity, JJ., concur.