■ RICHARD SAVIANO, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendants. [774 NYS2d 82]—

In an action to recover damages for personal injuries, the defendants City of New York and the New York City Police Department appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated October 11, 2002, which denied the cross motion of the defendant City of New York for sum-

mary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the appeal by the defendant New York City Police Department is dismissed, as it is not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is reversed, on the law, the cross motion is granted, and the complaint and all cross claims are dismissed insofar as asserted against the defendant City of New York; and it is further,

Ordered that upon searching the record, summary judgment is granted to the New York City Police Department and the complaint and all cross claims are dismissed insofar as asserted against that defendant; and it is further,

Ordered that the action against the remaining defendants is severed; and it is further,

Ordered that one bill of costs is awarded to the defendant City of New York.

This action arose from an automobile accident on the Belt Parkway. A New York City Sanitation Department (hereinafter Sanitation Department) truck was involved in an accident with another vehicle on the parkway. Sanitation Department employees and New York City Police Department (hereinafter the NYPD) officers arrived to assess the damage and to secure the scene of the accident. Shortly thereafter the defendant Andre Blackburn, who had consumed several glasses of wine before driving, came upon the scene. After observing the vehicles stopped on the parkway, Blackburn fell asleep and his car struck the rear of the vehicles which were present at the scene of the first accident. The evidence demonstrated that any alleged negligence of the City and the NYPD in failing to properly secure the area of the first accident merely set the scene for the second accident, but was not the proximate cause of the accident (*see Ely v Pierce,* 302 AD2d 489 [2003]; *Comolli v 81 & 13 Cortland Assoc.,* 285 AD2d 863 [2001]). Therefore, the City's motion for summary judgment should have been granted. Since the actions of the NYPD are identical to those of the City and the NYPD is a subdivision of a municipality, the same considerations apply to both the NYPD and the City. Under those circumstances, we search the record and grant summary judgment to the NYPD (*see Balsam v Delma Eng'g Corp.,* 90 NY2d 966 [1997]; *Miller v State of New York,* 62 NY2d 506 [1984]). Smith, J.P., Goldstein, Luciano and Adams, JJ., concur.