■ COLLEEN BURNS, Respondent, v JOHN E. GAZDA, Appellant. [791 NYS2d 257]—

Appeal from an order of the Supreme Court, Onondaga County (Thomas J. Murphy, J.), entered June 30, 2003. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this action against defendant, the owner of the premises where she slipped and fell. At the time, she was working as a waitress and was approaching a staircase, holding a coffee cup in one hand and a carafe in the other. She testified at her deposition that, as she approached the top step, she slipped on the waxed floor and fell on her tailbone. Defendant moved for summary judgment dismissing the complaint, contending that he is not liable to third parties injured on the premises unless he has retained control or is contractually obligated to make repairs or maintain the premises (*see Canela v Foodway Supermarket*, 188 AD2d 416 [1992]). Although section 3.2 of the lease requires the lessee to maintain the premises in "good order and repair," section 3.8 of the lease grants defendant the right to reenter the premises for the purpose of "inspections related to health and safety." When a landlord reserves such a right, he may be held liable for injuries occurring on the premises, but "only if there [is] a specific statutory violation and the injuries were caused by a significant structural or design defect" (*Sylfa v Stupnick*, 239 AD2d 570, 570 [1997]).

We conclude that defendant met his burden of establishing his entitlement to judgment as a matter of law and that plaintiff has not raised any material issue of fact in response thereto. Plaintiff's expert avers that the premises were in violation of section 765.4 (a) (11) of the State Uniform Fire Prevention and Building Code (Building Code), which requires a center handrail where the steps are over a certain width (*see* former 9 NYCRR 765.4 [a] [11]). Nevertheless, because plaintiff testified that she slipped on the waxed floor before stepping onto the staircase, the alleged violation of the Building Code was not a cause of the accident. We therefore reverse the order and grant the motion for summary judgment dismissing the complaint. Present— Green, J.P., Scudder, Martoche, Smith and Lawton, JJ.