◼ ANITA SCALA, Appellant, v ANTHONY SCALA et al., Respondents. [818 NYS2d 151]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, West-

chester County (Dillon, J.), entered August 22, 2005, which denied her motion for partial summary judgment on the issue of liability and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the cross motion and substituting a provision therefor denying the cross motion; as so modified, the order is affirmed, with costs to the appellant, and the complaint is reinstated.

We agree with the determination of the Supreme Court denying the plaintiff's motion for partial summary judgment on the issue of liability. However, the Supreme Court improperly granted the defendants' cross motion for summary judgment dismissing the complaint.

On July 17, 2004 the plaintiff allegedly sustained injuries when she tripped and fell on a doll as she was descending the exterior stairs in front of the defendants' home. The Supreme Court determined that the presence of the doll on the stairs caused the plaintiff's fall, and that the absence of a handrail was not a cause of the fall. We disagree with the Supreme Court in that respect. The defendants acknowledged that their front stairs were rebuilt about one year before the accident and did not have a handrail attached to them. This proof, coupled with a review of legislation implementing the New York State Uniform Fire Prevention and Building Code (hereinafter the Code) and various provisions of the Code, show that the requirement set forth in section R 315.1 of the Code, that the front stairs have a handrail, was violated (see Executive Law § 377 [1]; 19 NYCRR 1220.1; see also Lester v Waterman, 242 AD2d 683 [1997]). The defendants did not establish, as a matter of law, that the premises was exempt from the applicable Code provision (see Asaro v Montalvo, 26 AD3d 306 [2006]).

A violation of the Code constitutes only some evidence of negligence (see Brigandi v Piechowicz, 13 AD3d 1105 [2004]; Enrichment Enters. v Jempris Realty Corp., 272 AD2d 432 [2000]). It is the plaintiff's burden to also establish that the violation proximately caused her injuries (see Burns v Gazda, 16 AD3d 1057 [2005]; Enrichment Enters. v Jempris Realty Corp., supra at 433). Ordinarily, it is for the trier of fact to determine the issue of proximate cause (see Howard v Poseidon Pools, 72 NY2d 972, 974 [1988]). However, the issue of proximate cause may be decided as a matter of law "where only one conclusion may be drawn from the established facts" (id. at 974, quoting Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980]). Additionally, there may be more than one proximate cause of an

accident (*see Forte v City of Albany,* 279 NY 416, 422 [1939]; *Hyde v Long Is. R.R. Co.,* 277 AD2d 425, 426 [2000]).

Here, the presence of the doll on the stairs was the precipitating factor in the plaintiff's accident. However, "[e]ven if the fall was precipitated by a misstep, '[g]iven the plaintiff's testimony that [she] reached out to try to stop [her] fall, there is an issue of fact as to whether the absence of [handrails] was a proximate cause of [her] injury' " (*Asaro v Montalvo, supra* at 307, quoting *Kanarvogel v Tops Appliance City,* 271 AD2d 409, 411 [2000]; *see Viscusi v Fenner,* 10 AD3d 361 [2004]; *Hotzoglou v Hotzoglou,* 221 AD2d 594 [1995]; *Lattimore v Falcone,* 35 AD2d 1069 [1970]). The issue of whether the doll or the Code violation, or both, proximately caused the plaintiff's accident should be decided by a jury (*see Lopez v 1372 Shakespeare Ave. Hous. Dev. Fund Corp.,* 299 AD2d 230, 232 [2002]; *see also Swerdlow v WSK Props. Corp.,* 5 AD3d 587, 588 [2004]). Therefore, the Supreme Court correctly denied the motion, but incorrectly granted the cross motion. Ritter, J.P., Krausman, Lifson and Lunn, JJ., concur.