■  Jacob Gestetner et al., Respondents, v Esther Teitelbaum et al., Appellants, et al., Defendants. [860 NYS2d 208]—

In an action to recover damages for personal injuries, etc., the defendants Esther Teitelbaum and Isaac Teitelbaum appeal from an order of the Supreme Court, Orange County (McGuirk, J.), dated October 24, 2007, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The Supreme Court denied the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them, on the ground that they failed to meet their prima facie burden of demonstrating that, under the facts of this case, lighting at the premises they owned was adequate and they did not create or have notice of any hazardous condition at those premises. We affirm.

There may be more than one proximate cause of an accident (*see Scala v Scala*, 31 AD3d 423, 424 [2006]), and here, the plaintiffs allege that the subject slip-and-fall accident was caused by, inter alia, a defective sidewalk condition and inadequate lighting. The appellants bore the burden in the first instance of establishing their prima facie entitlement to judgment as a matter of law (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The Supreme Court properly concluded that the appellants failed to meet that burden, as they did not demonstrate that the lighting was adequate and that the pathway was not in a defective condition, or that they did not create or have actual or constructive notice of the allegedly defective condition, or that the alleged inadequacy of the lighting and defect in the pathway were not proximate causes of the injured plaintiff's fall (*see Howe v Flatbush Presbyt. Church*, 48 AD3d 419, 420 [2008]; *Kimpland v Camillus Mall Assoc., L.P.*, 37 AD3d 1128 [2007];

*Swerdlow v WSK Props. Corp.*, 5 AD3d 587, 588 [2004]; *Goldfarb v Kzichevsky*, 280 AD2d 583 [2001]). Since the appellants did not meet their prima facie burden, it is unnecessary to consider the adequacy of the opposing papers (*see Keese v Imperial Gardens Assoc., LLC*, 36 AD3d 666, 668 [2007]). Rivera, J.P., Ritter, Miller and Dillon, JJ., concur.