JOHN KALLAND, Respondent, v HUNGRY HARBOR ASSOCIATES, LLC, et al., Appellants. [922 NYS2d 550]—

In an action to recover damages for personal injures, the defendants appeal from an order of the Supreme Court, Nassau County (Winslow, J.), entered October 6, 2010, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

While walking in the defendants' parking lot, the plaintiff, a flower delivery person, allegedly tripped over a curb and stumbled 30 to 35 feet before cracks in the pavement, loose debris, and pebbles near a storm drain caused him to fall to the ground. The defendants moved for summary judgment dismissing the complaint on the issue of proximate cause. The plaintiff opposed the motion, arguing that there were two proximate causes of his accident, the trip over the curb and the fall over the condition near the storm drain.

Generally, it is for the trier of fact to determine the issue of proximate cause (*see Howard v Poseidon Pools*, 72 NY2d 972, 974 [1988]; *Scala v Scala*, 31 AD3d 423, 424 [2006]). However, the issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the established facts (*see Howard v Poseidon Pools*, 72 NY2d at 974; *Scala v Scala*, 31 AD3d at 424). Additionally, there may be more than one proximate cause of an accident (*see Gestetner v Teitelbaum*, 52 AD3d 778, 778 [2008]; *Scala v Scala*, 31 AD3d at 424-425; *Hyde v Long Is. R.R. Co.*, 277 AD2d 425, 426 [2000]).

Here, the defendants failed to satisfy their prima facie burden of establishing their entitlement to judgment as a matter of law. Although the curb over which the plaintiff tripped was not an inherently dangerous condition and was readily observable through the use of one's senses (*see Ramos v Cooper Invs., Inc.*,

49 AD3d 623, 624 [2008]; *Colao v Community Programs Ctr. of Long Is., Inc.*, 29 AD3d 723, 724 [2006]), the defendants failed to eliminate all issues of fact as to whether the alleged defective condition near the storm drain contributed to the plaintiff's fall (*see Gestetner v Teitelbaum*, 52 AD3d at 778; *Scala v Scala*, 31 AD3d at 425). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint.

The defendants' remaining contention has been rendered academic in light of our determination. Angiolillo, J.P., Chambers, Austin and Miller, JJ., concur.