■ ROBERT R. MARTINO, as Executor of LOUIS MARTINO, Deceased, Appellant, v PATMAR PROPERTIES, INC., Respondent. [999 NYS2d 449]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Greco, Jr., J.), dated April 29, 2013, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the complaint is denied.

On January 2, 2010, Louis Martino (hereinafter the decedent)

allegedly was injured when he fell and suffered head trauma in an apartment he rented from the defendant. After the decedent passed away from medical issues unrelated to the subject accident, his son, as executor of the decedent's estate, commenced this action to recover damages for personal injuries. The defendant moved, inter alia, for summary judgment dismissing the complaint, and the Supreme Court granted that branch of the motion.

A property owner has a duty to maintain the property in a reasonably safe condition (*see Kellman v 45 Tiemann Assoc.*, 87 NY2d 871, 872 [1995]; *Basso v Miller*, 40 NY2d 233 [1976]; *Friedman v 1753 Realty Co.*, 117 AD3d 781 [2014]). In a premises liability case, a defendant property owner who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence (*see Kruger v Donzelli Realty Corp.*, 111 AD3d 897 [2013]; *Bravo v 564 Seneca Ave. Corp.*, 83 AD3d 633, 634 [2011]; *Bloomfield v Jericho Union Free School Dist.*, 80 AD3d 637, 638 [2011]; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598, 598 [2010]). A plaintiff's inability in a premises liability case to identify the cause of the fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation (*see Palahnuk v Tiro Rest. Corp.*, 116 AD3d 748 [2014]; *DeForte v Greenwood Cemetery*, 114 AD3d 718 [2014]; *Deputron v A & J Tours, Inc.*, 106 AD3d 944, 945 [2013]).

Here, in support of its motion the defendant submitted a copy of the plaintiff's deposition testimony, at which he testified that the floor of the hallway in the decedent's apartment was "warped" and "bowed." He testified that he was walking "right behind" the decedent when he fell, that he saw him fall, and that he fell because "the floor always went down in that area. . . . [H]is foot went down, and wasn't [on] sturdy ground and he went down." He also stated that "My father fell to the left because that [was] where the floor went down and that is where he fell." In light of this testimony, the Supreme Court erred when it determined that the plaintiff could not identify the cause of the decedent's fall without resorting to speculation (*see Palahnuk v Tiro Rest. Corp.*, 116 AD3d at 749; *cf. Deputron v A & J Tours, Inc.*, 106 AD3d at 945). The defendant also failed to demonstrate, prima facie, that it did not have actual or constructive notice of the allegedly dangerous condition, as the plaintiff testified at his deposition that the decedent had been making "ongoing" complaints to the defendant about the

warped condition of the floor since 2001, and that he had also notified the defendant of the warped condition of the floor himself several times before the accident.

The defendant argues that any negligence on its part was not the proximate cause of the decedent's injuries as a matter of law. "Generally, it is for the trier of fact to determine the issue of proximate cause" (*Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d 889, 889 [2011]; *see Howard v Poseidon Pools*, 72 NY2d 972, 974 [1988]; *Scala v Scala*, 31 AD3d 423, 424 [2006]). "However, the issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the established facts" (*Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d at 889; *see Howard v Poseidon Pools*, 72 NY2d at 974; *Scala v Scala*, 31 AD3d at 424). "Additionally, there may be more than one proximate cause" of a plaintiff's accident and injuries (*Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d at 889; *see Gestetner v Teitelbaum*, 52 AD3d 778, 778 [2008]; *Scala v Scala*, 31 AD3d at 424-425; *Hyde v Long Is. R.R. Co.*, 277 AD2d 425, 426 [2000]). To sustain the burden of proving a prima facie case of proximate cause, "the plaintiff in a negligence action 'must generally show that the defendant's negligence was a substantial cause of the events which produced the injury' " (*Lapidus v State of New York*, 57 AD3d 83, 94 [2008], quoting *Derdiarian v Felix Contr. Corp.*, 51 NY2d at 315).

The defendant failed to establish, prima facie, that the subject accident was not the proximate cause of the decedent's injuries. The plaintiff alleged in his bill of particulars that the decedent suffered a subdural hematoma as a result of the subject accident. In support of the branch of its motion which was for summary judgment dismissing the complaint, the defendant submitted documentation which showed that from 2004 to 2009 the decedent had instituted three actions to recover damages for personal injuries—two after suffering trip and fall accidents, and one after debris from a dilapidated ceiling fell on his head. It also submitted copies of the decedent's medical records which showed that the decedent did not seek medical treatment until almost two months after the subject accident. Based on that documentation, the defendant argued in an attorney affirmation in support of the motion that it was just as likely that the decedent's injury was caused by one of his prior accidents. However, the defendant failed to establish its prima facie entitlement to judgment as a matter of law, as it failed to submit expert medical evidence that the decedent's subdural hematoma was not caused by the subject accident (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*,

64 NY2d 851, 853 [1985]; *Byrd v Manor*, 82 AD3d 813, 815 [2011]).

Since the defendant failed to meet its prima facie burden, we need not consider the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the complaint. Leventhal, J.P., Hall, Austin and Roman, JJ., concur.