■ JULIA RICCIO, Appellant, v KID FIT, INC., et al., Respondents. [5 NYS3d 521]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Smith, J.), dated December 9, 2013, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

While attending her grandson's birthday party at the defendant Little Gym of Scarsdale, the plaintiff allegedly was burned by a lit sterno cannister, which was attached underneath a chafing tray, as she carried the chafing tray from a table to the sink on the defendants' premises.

Initially, contrary to the defendants' contention and the Supreme Court's conclusion, the doctrine of primary assumption of the risk is not applicable here, as the plaintiff was not involved in a sporting event or a recreational activity when she allegedly was injured (*see Custodi v Town of Amherst*, 20 NY3d 83, 88 [2012]; *Trupia v Lake George Cent. School Dist.*, 14 NY3d 392, 396 [2010]; *Wolfe v North Merrick Union Free Sch. Dist.*, 122 AD3d 620 [2014]).

Nonetheless, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. "Generally, it is for the trier of fact to determine the issue of proximate cause" (*Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d 889, 889 [2011]; *see Howard v Poseidon Pools*, 72 NY2d 972, 974 [1988]; *Scala v Scala*, 31 AD3d 423, 424

[2006]). "However, the issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the established facts" (*Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d at 889; *see Howard v Poseidon Pools*, 72 NY2d at 974; *Scala v Scala*, 31 AD3d at 424). "Additionally, there may be more than one proximate cause" of a plaintiff's injuries (*Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d at 889; *see Gestetner v Teitelbaum*, 52 AD3d 778, 778 [2008]; *Scala v Scala*, 31 AD3d at 424-425; *Hyde v Long Is. R.R. Co.*, 277 AD2d 425, 426 [2000]). To sustain the burden of proving a prima facie case, "the plaintiff in a negligence action 'must generally show that the defendant's negligence was a substantial cause of the events which produced the injury' " (*Lapidus v State of New York*, 57 AD3d 83, 94 [2008], quoting *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]).

Although the issue of proximate cause is generally for the jury, liability may not be imposed upon a party who merely furnishes the condition or occasion for the occurrence of the event but is not one of its causes (*see Ely v Pierce*, 302 AD2d 489 [2003]; *see also Saviano v City of New York*, 5 AD3d 581, 582 [2004]). Here, even if the defendants' employees inadvertently disposed of the caps to the sterno cannisters prior to the accident, this merely furnished the occasion for the accident, and any alleged negligence by the defendants did not proximately cause the accident. The evidence proffered by the defendants in support of their motion established, prima facie, that the sole proximate cause of the accident was the plaintiff's negligence in lifting from the table the chafing tray, to which the lit sterno cannister was attached, and walking across the room to the sink, while positioning the lit sterno cannister and chafing tray very close to her body (*see Bruno v Thermo King Corp.*, 66 AD3d 727, 728-729 [2009]). The plaintiff's actions in carrying the lit sterno cannister so close to her body superseded the defendants' conduct and terminated the defendants' liability for her injuries (*see Egan v A.J. Constr. Corp.*, 94 NY2d 839 [1999]; *cf. Stephenson v Barrasso & Sons, Inc.*, 81 AD3d 809 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Dickerson, Chambers and Roman, JJ., concur.