■ VANESSA VELEZ et al., Respondents, v CHRISTOPHER MANDATO et al., Appellants, and JERZY JAN KARA, Respondent. [12 NYS3d 172]—

In an action to recover damages for personal injuries, the defendants Christopher Mandato and Frank Mandato appeal from an order of the Supreme Court, Kings County (Bayne, J.), dated July 23, 2014, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs to the appellants payable by the respondents appearing separately and filing separate briefs, and the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

The plaintiffs alleged that a vehicle owned by the defendant Frank Mandato and operated by the defendant Christopher Mandato (hereinafter together the appellants) came into contact with a vehicle operated by the defendant Jerzy Jan Kara, after which they were struck by the Mandato vehicle as they were standing on the sidewalk of the middle island on 20th Street at its intersection with Third Avenue, in Brooklyn. Thereafter, the plaintiffs commenced this action to recover damages for personal injuries against the appellants and Kara, alleging negligence. The appellants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The plaintiffs and Kara opposed. The Supreme Court denied the motion, and we reverse.

"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (*Boulos v Lerner-Harrington*, 124 AD3d 709, 709 [2015]; *see Rungoo v Leary*, 110 AD3d 781, 782 [2013]). "There can be more than one proximate cause of an accident" (*Cox v Nunez*, 23 AD3d 427, 427 [2005]; *see Jones v Vialva-Duke*, 106 AD3d 1052 [2013]), and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (*Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d 889, 889 [2011]; *see Howard v Poseidon Pools*, 72 NY2d 972, 974 [1988]; *Riccio v Kid Fit, Inc.*, 126 AD3d 873 [2015]; *Scala v Scala*, 31 AD3d 423, 424 [2006]). "However, the issue of proximate cause may be decided as a

matter of law where only one conclusion may be drawn from the established facts" (*Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d at 889; *see Howard v Poseidon Pools*, 72 NY2d at 974; *Scala v Scala*, 31 AD3d at 424).

In support of their motion, the appellants relied upon, inter alia, the deposition transcripts of Christopher Mandato (hereinafter Christopher) and Kara. The appellants demonstrated that, at the time of the accident, both Christopher and Kara were traveling in the same direction on Third Avenue. Christopher was in the farthest left travel lane, while Kara was in the lane to the right of Christopher. The middle island separating opposing traffic on Third Avenue was to the left of Christopher. As they reached the intersection of 20th Street, Kara attempted to make a left turn from his lane of travel onto 20th Street, passing in front of the appellants' vehicle, when his vehicle was struck by the appellants' vehicle. Upon the impact with the Kara vehicle in the intersection, the appellants' vehicle was forced to the left, and approximately one second thereafter, the appellants' vehicle struck the plaintiffs. This evidence demonstrated, prima facie, that Kara violated Vehicle and Traffic Law §§ 1128 (a) and 1163, and that Christopher was free from fault in the happening of the accident (*see Adobea v Junel*, 114 AD3d 818 [2014]; *cf. Lopez v Reyes-Flores*, 52 AD3d 785 [2008]). This evidence also demonstrated, prima facie, that Kara's actions were the sole proximate cause of the accident. In opposition, the plaintiffs and Kara failed to raise a triable issue of fact as to whether Christopher was negligent in the happening of the accident. Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Rivera, J.P., Cohen, Miller and Hinds-Radix, JJ., concur.