■ WILLIAM FELIX, Respondent, v FALLETTA CARTING CORP. et al., Appellants. [15 NYS3d 704]—In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Bayne, J.), dated November

12, 2014, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, a pedestrian, allegedly was injured when he was struck by a garbage truck which was owned by the defendant Falletta Carting Corp. and operated by the defendant Thornton Boyd. The plaintiff commenced this action to recover damages for personal injuries against the defendants. The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint, and the defendants appeal. We affirm.

A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she is free from fault in the happening of the accident (*see Theodorou v Perry*, 129 AD3d 1056 [2015]; *Boulos v Lerner-Harrington*, 124 AD3d 709 [2015]). "There can be more than one proximate cause of an accident" (*Cox v Nunez*, 23 AD3d 427, 427 [2005]; *see Jones v Vialva-Duke*, 106 AD3d 1052 [2013]; *Graeber-Nagel v Naranjan*, 101 AD3d 1078 [2012]), and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (*Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d 889, 889 [2011]; *see Howard v Poseidon Pools*, 72 NY2d 972, 974 [1988]; *Riccio v Kid Fit, Inc.*, 126 AD3d 873 [2015]; *Scala v Scala*, 31 AD3d 423, 424 [2006]).

Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law. In support of their motion, the defendants submitted transcripts of the deposition testimony of the plaintiff and Boyd. Given the conflicting testimony as to how the subject accident occurred, the defendants failed to eliminate all triable issues of fact as to whether Boyd was at fault in the happening of the accident (*see Boulos v Lerner-Harrington*, 124 AD3d at 709-710), and failed to establish, prima facie, that the plaintiff's allegedly negligent conduct was the sole proximate cause of the accident (*see Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]). As the defendants failed to meet their prima facie burden, it is not necessary to consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Pollack v Margolin*, 84 AD3d at 1341).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Balkin, Miller and LaSalle, JJ., concur.