GEORGE MILLER, Respondent, v UNITED PARCEL SERVICE, INC., et al., Appellants. [16 NYS3d 265]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated April 23, 2014, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On the afternoon of March 24, 2010, a motorcycle operated by the plaintiff in the eastbound direction of Mill Road in Brookhaven collided with a truck owned by the defendant United Parcel Service, Inc., and operated by the defendant Paul D'Amico in the westbound direction of the same road. The plaintiff subsequently commenced this action to recover damages for his injuries.

Following discovery, the defendants moved for summary judgment dismissing the complaint, relying on D'Amico's deposition testimony that the accident occurred when the plaintiff negligently lost control of his motorcycle which was traveling at an excessive rate of speed, slid into the opposing lane of travel, and struck the defendants' truck. The plaintiff opposed the motion, relying upon his own deposition testimony which was submitted by the defendants in support of their motion, and in which he claimed that the accident occurred because the defendants' truck negligently crossed over into his lane of travel shortly before the collision. The Supreme Court denied

the defendants' motion for summary judgment dismissing the complaint. We affirm.

"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (*Boulos v Lerner-Harrington*, 124 AD3d 709, 709 [2015]; *see Rungoo v Leary*, 110 AD3d 781, 782 [2013]). "There can be more than one proximate cause of an accident" (*Cox v Nunez*, 23 AD3d 427, 427 [2005]; *see Jones v Vialva-Duke*, 106 AD3d 1052 [2013]), and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (*Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d 889, 889 [2011]; *see Howard v Poseidon Pools*, 72 NY2d 972, 974 [1988]; *Riccio v Kid Fit, Inc.*, 126 AD3d 873 [2015]; *Scala v Scala*, 31 AD3d 423, 424 [2006]). "However, the issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the established facts" (*Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d at 889; *see Howard v Poseidon Pools*, 72 NY2d at 974; *Scala v Scala*, 31 AD3d at 424).

Given the conflicting deposition testimony submitted in support of the defendants' motion as to how the subject accident occurred, the defendants failed to establish their prima facie entitlement to judgment as a matter of law, since that testimony raised triable issues of fact and credibility as to whether the defendant driver was at fault in the happening of the accident (*see Pollack v Margolin*, 84 AD3d 1341 [2011]). Since the defendants failed to demonstrate a prima facie showing on the motion, the Supreme Court properly denied summary judgment without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Pollack v Margolin*, 84 AD3d at 1341). Mastro, J.P., Leventhal, Roman and Miller, JJ., concur.