■ SANG WOON LEE et al., Appellants, v IL MOOK CHOI et al., Respondents. [18 NYS3d 690]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dufficy, J.), entered July 21, 2014, as granted the motion of the defendants Jae Hong Han and Young Sook Han for summary judgment dismissing the complaint insofar as asserted against them and searched the record and awarded summary judgment dismissing the complaint insofar as asserted against the defendants Il Mook Choi and KTN 114, Inc.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Sang Woon Lee (hereinafter the injured

plaintiff) was employed by a company that leased office space on the second floor of a building owned by the defendants Jae Hong Han and Young Sook Han (hereinafter together the Han defendants). A portion of the leased office space was subleased to the defendant KTN 114, Inc. (hereinafter KTN), and KTN's principal, the defendant Il Mook Choi. On the morning of April 2, 2011, the injured plaintiff and Il Mook Choi were unable to gain entry to their second floor offices due to an allegedly malfunctioning lock. The plaintiffs claim that Il Mook Choi telephoned Jae Hong Han, who allegedly suggested that the injured plaintiff and Il Mook Choi climb down from a balcony on the third floor to a terrace on the second floor, where they could gain entry to the second floor offices through sliding doors. The injured plaintiff then climbed over the railing on the third floor balcony, and dropped down to the second floor terrace, sustaining injuries. The injured plaintiff, and his wife suing derivatively, subsequently commenced this action against the defendants, alleging, among other things, that the Han defendants had negligently failed to keep emergency keys to the second floor offices on the premises, and that the injured plaintiff was negligently instructed to use the third floor balcony to gain entry to the second floor offices. The Han defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the Han defendants' motion and also searched the record and awarded summary judgment dismissing the complaint insofar as asserted against KTN and Il Mook Choi.

"Generally, it is for the trier of fact to determine the issue of proximate cause" (*Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d 889, 889 [2011]; *see Howard v Poseidon Pools*, 72 NY2d 972, 974 [1988]; *Scala v Scala*, 31 AD3d 423, 424 [2006]). "However, the issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the established facts" (*Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d at 889; *see Howard v Poseidon Pools*, 72 NY2d at 974; *Scala v Scala*, 31 AD3d at 424).

Here, the evidence submitted by the Han defendants in support of their motion established, prima facie, that the sole proximate cause of the accident was the injured plaintiff's negligence in dropping himself down from the third floor balcony to the terrace on the second floor. Even assuming the truth of the plaintiffs' allegations that the Han defendants were negligent and that Jae Hong Han suggested that the injured plaintiff try to gain entry to the second floor offices by climbing down from the third floor balcony, the injured

plaintiff's reckless act of dropping down from a balcony to a terrace on the floor below broke any causal chain stemming from the Han defendants' alleged negligence, and was itself the superseding cause of the injured plaintiff's harm (*see Boltax v Joy Day Camp*, 67 NY2d 617, 619 [1986]; *Sullivan v 673 First Ave. Assoc.*, 250 AD2d 394 [1998]; *see also Riccio v Kid Fit, Inc.*, 126 AD3d 873, 874 [2015]). In opposition to the Han defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact.

Furthermore, since the plaintiffs failed to raise a triable issue of fact, the Supreme Court properly exercised its authority pursuant to CPLR 3212 (b) in searching the record and awarding summary judgment to the nonmoving parties, KTN and Il Mook Choi, with respect to an issue that was the subject of the motion before the court (*see Bernal v 521 Park Ave. Condo*, 128 AD3d 750 [2015]).

Accordingly, the Supreme Court properly granted the Han defendants' motion for summary judgment dismissing the complaint insofar as asserted against them and properly searched the record and awarded summary judgment dismissing the complaint insofar as asserted against KTN and Il Mook Choi. Eng, P.J., Chambers, Roman and Barros, JJ., concur.