■ RAYMOND CANALS, Appellant, v TILCON NEW YORK, INC., Respondent, et al., Defendant. [23 NYS3d 320]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Loehr, J.), dated March 31, 2015, which granted the motion of the defendant Tilcon New York, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

On March 30, 2012, the plaintiff allegedly was injured when he fell into a trench in a construction area while he was riding his bicycle on US Route 9W near its intersection with East Main Street in Stony Point. The plaintiff commenced this action against, among others, Tilcon New York, Inc. (hereinafter Tilcon), the general contractor on the construction project. Tilcon moved for summary judgment dismissing the complaint insofar as asserted against it.

"Generally, it is for the trier of fact to determine the issue of

proximate cause" (*Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d 889, 889 [2011]; *see Howard v Poseidon Pools*, 72 NY2d 972, 974 [1988]; *Scala v Scala*, 31 AD3d 423, 424 [2006]). "However, the issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the established facts" (*Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d at 889; *see Howard v Poseidon Pools*, 72 NY2d at 974; *Scala v Scala*, 31 AD3d at 424). "Additionally, there may be more than one proximate cause" of a plaintiff's injuries (*Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d at 889; *see Gestetner v Teitelbaum*, 52 AD3d 778, 778 [2008]; *Scala v Scala*, 31 AD3d at 424-425; *Hyde v Long Is. R.R. Co.*, 277 AD2d 425, 426 [2000]). To sustain the burden of proving a prima facie case, "the plaintiff in a negligence action 'must generally show that the defendant's negligence was a substantial cause of the events which produced the injury' " (*Lapidus v State of New York*, 57 AD3d 83, 94 [2008], quoting *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). Although the issue of proximate cause is generally for the jury, liability may not be imposed upon a party who merely furnishes the condition or occasion for the occurrence of the event but is not one of its causes (*see Ely v Pierce*, 302 AD2d 489 [2003]; *see also Riccio v Kid Fit, Inc.*, 126 AD3d 873, 874 [2015]; *Saviano v City of New York*, 5 AD3d 581, 582 [2004]).

In its motion papers, Tilcon established its prima facie entitlement to judgment as a matter of law. In support of its motion, Tilcon submitted excerpts from the plaintiff's deposition testimony. The plaintiff testified that as he was riding his bicycle north on US Route 9W in Stony Point, he noticed traffic cones and a flagperson at a construction site near the intersection of US Route 9W and East Main Street. The flagperson was looking north, not looking at traffic that approached him from behind, as he waved to that traffic to proceed north. As the plaintiff approached the site, a northbound car startled him by coming "extremely close," and he veered his bicycle into a trench. Tilcon also submitted excerpts from the deposition testimony of the flagperson, who testified that he was at the site only to stop traffic, as needed, along East Main Street in order to move equipment in and out of the site. This evidence established, prima facie, that at most, Tilcon furnished the condition for the plaintiff's accident, and that the proximate cause or causes of the accident were the actions of the plaintiff and/or the operator of the northbound car, and not the alleged negligence of Tilcon's flagperson. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted Tilcon's motion for summary judgment

dismissing the complaint insofar as asserted against it. Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.