John v Dobson (2022 NY Slip Op 05029)

John v Dobson

2022 NY Slip Op 05029

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.

2021-00801
 (Index No. 522474/16)

[*1]Lisa John, appellant, 
v
Dwight Dobson, et al., respondents.

Buitrago & Associates, PLLC, New York, NY (Rick J. Lasher of counsel), for appellant.
Anna J. Ervolina, Brooklyn, NY (Harriet Wong of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rosemarie Montalbano, J.), dated September 10, 2020. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants Dwight Dobson and New York City Transit Authority.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants Dwight Dobson and New York City Transit Authority are denied.
In 2015, the plaintiff allegedly was injured when her hand became trapped between the front doors of a bus driven by the defendant Dwight Dobson and owned by the defendant New York City Transit Authority (hereinafter the NYCTA). The plaintiff subsequently commenced this action to recover damages for personal injuries against Dobson, the NYCTA, and another defendant. The defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against Dobson and the NYCTA. In an order dated September 10, 2020, the Supreme Court, among other things, granted those branches of the defendants' motion, and the plaintiff appeals.
A "defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Aponte v Vani, 155 AD3d 929, 930 [internal quotation marks omitted]; see Gaudio v City of New York, 189 AD3d 1546, 1547-1548; Gobin v Delgado, 142 AD3d 1134, 1135). "There can be more than one proximate cause of an accident" (Cox v Nunez, 23 AD3d 427, 427; see Jones v Vialva-Duke, 106 AD3d 1052), and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889; see Howard v Poseidon Pools, 72 NY2d 972, 974; Riccio v Kid Fit, Inc., 126 AD3d 873; Scala v Scala, 31 AD3d 423, 424).
Here, the defendants failed to establish their prima facie entitlement to judgment as [*2]a matter of law dismissing the complaint insofar as asserted against Dobson and the NYCTA. The evidence submitted in support of the motion failed to eliminate all triable issues of fact as to whether Dobson negligently closed the doors as the plaintiff was attempting to board the bus, and negligently failed to reopen the doors and release the plaintiff's hand after it became trapped. Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against Dobson and the NYCTA, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., CHAMBERS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court