Pelletteri v Ferrantino & Co., Inc. (2024 NY Slip Op 50647(U))

[*1]

Pelletteri v Ferrantino & Co., Inc.

2024 NY Slip Op 50647(U)

Decided on May 28, 2024

Supreme Court, Kings County

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 28, 2024
Supreme Court, Kings County

Joanne G. Pelletteri, Plaintiff,

against
Ferrantino and Company, Inc., Defendant.

Index No. 523241/2021

Attorney for Plaintiff
By: Alyssa J. Held, Esq.
Held, Held & Held
6920 Bay Parkway
Brooklyn, New York 11204
(718) 236-2323
aheld@heldheldandheld.com
Attorney for Defendant
By: Leonard Steven Silverman
Gannon, Rosenfarb & Drossman
250 Broadway, 25th Floor
New York, NY 10007
(212) 655-5000
Leonard.Silverman@amtrustgroup.com

Francois A. Rivera, J.

Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed on November 22, 2023, under motion sequence number one, by nt Ferrantino and Company Inc. (hereinafter defendant) for an order pursuant to CPLR 3212 granting defendant summary judgment and dismissing the complaint of Joanne G. Pelletteri (hereinafter plaintiff). The motion is opposed.
-Notice of motion
-Affirmation in support
Exhibits A-J
-Memorandum in support
-Statement of material facts
-Affirmation in opposition and in support of cross-motion[FN1]
Exhibits 1-5
-Counter statement of material facts
-Affirmation in reply
Exhibit A
Recitation in accordance with CPLR 2219 (a) of the papers considered on cross-motion filed on March 20, 2024, under motion sequence number three, by plaintiff Joanne G. Pelletteri for an order pursuant to CPLR 3212 for summary judgment in plaintiff's favor on the issue of liability against the defendant Ferrantino and Company Inc. The cross-motion is opposed.
-Notice of motion
-Affirmation in support
Exhibits 1-5
-Statement of Material Facts
-Affirmation in opposition
Exhibits A
BACKGROUND
On September 13, 2021, the plaintiff commenced the instant action by filing a summons and verified complaint with the Kings County Clerk's office (KCCO). On October 26, 2021, the defendant interposed and filed a verified answer with the KCCO. The verified complaint alleges eighteen allegations of fact in support of a single cause of action for damages for personal injury.
The verified complaint and plaintiff's bill of particulars allege the following salient facts. On March 6, 2020, at approximately 6:20 p.m., the plaintiff was lawfully on a premise owned by the defendant, known as 8414 4th Avenue, in the County of Kings, City and State of New York (hereinafter "the building"). On that date and time, the plaintiff was caused to slip/trip and fall, because of the negligence of defendant, in the ownership, maintenance, management, operation, and control of the aforesaid premises, thereby causing plaintiff to sustain severe and serious personal injuries. 
LAW AND APPLICATION
It is well established that summary judgment may be granted only when no triable issue of fact exists (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The burden is upon the moving party to make a prima facie showing that he or she is entitled to summary judgment as a matter of law by presenting evidence in admissible form demonstrating the absence of any material issue of fact (Giuffrida v. Citibank Corp., 100 NY2d 72, 81 [2003]). "[A] moving party must address the specific factual allegations set forth in the complaint and the bill of particulars" (Parrilla v. Saphire, 149 AD3d 856, 857 [2d Dept 2017], citing Terranova v Finklea, 45 AD3d 572, 572 [2d Dept 2007]).
A failure to make that showing requires the denial of the summary judgment motion, regardless of the adequacy of the opposing papers (Ayotte v Gervasio, 81 NY2d 1062, 1063 [1993]). If a prima facie showing has been made, the burden shifts to the opposing party to [*2]produce evidentiary proof sufficient to establish the existence of material issues of fact (Alvarez, 68 NY2d at 324).
Pursuant to CPLR 3212 (b) a court will grant a motion for summary judgment upon a determination that the movant's papers justify holding, as a matter of law, that there is no defense to the cause of action or that the cause of action or defense has no merit. Further, all the evidence must be viewed in the light most favorable to the opponent of the motion (Boyd v Rome Realty Leasing Ltd. Partnership, 21 AD3d 920, 921 [2d Dept 2005]).
"Landowners generally owe a duty of care to maintain their property in a reasonably safe condition, and are liable for injuries caused by a breach of this duty" (Blackman v Red Lobster Hospitality, LLC, 222 AD3d 825 [2d Dept 2023], quoting Henry v Hamilton Equities, Inc., 34 NY3d 136, 142 [2019]). "In a slip-and-fall case, a defendant property owner moving for summary judgment has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Scammell v Flum, 225 AD3d 726 [2d Dept 2024], quoting Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137 [2017]). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [a] defendant's employees to discover and remedy it" (Scammell v Flum, 225 AD3d 726 [2d Dept 2024], quoting Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]).
Plaintiff testified to the following facts. On March 6, 2020, plaintiff was making a food delivery to the subject property. At approximately 6:20 p.m., as plaintiff was exiting the building, plaintiff was caused to miss a single step leading from the courtyard of the front entrance to the building onto the sidewalk and to fall. There were no signs or warnings indicating the presence of the single step at the location of the accident. The single step and the sidewalk had the same color. That at the time of the accident it was dark outside and there were no lights in the area to illuminate the single step at the location of the accident. The poor illumination caused the plaintiff to fall.
The defendant moved for summary judgment dismissing the plaintiff's complaint on the basis that the location of plaintiff's fall was open, obvious, and not defective and that the lighting in front of the single step was adequate. No one contradicted plaintiff's testimony that the single step and the sidewalk had the same color. The testimony of Anthony Diaz, defendant's superintendent, did not establish the adequacy of illumination in front of the single step immediately prior to plaintiff's fall. The defendant submitted a report from Jeffrey J. Schwalje, an engineering consultant who proffered photographs and offered an opinion regarding the adequacy of the illumination and the safety of the single step. His opinion was unsworn, not in admissible form, and disregarded. The affidavit of Tina Zheng, the defendant's office manager, averred that she received no complaints regarding the outside lighting in the front of the building.
After reviewing the parties' motion papers and hearing oral argument the decision of the Court is as follows for the reasons set forth herein. The defendant's motion for summary judgment in its favor on the issue of liability is denied. The defendant did not eliminate all material issues of fact regarding whether the single step was a dangerous condition due to lack of adequate illumination at the time of plaintiff's fall. 
Plaintiff has cross-moved for summary judgment in its favor on the issue of liability. A plaintiff in a negligence action moving for summary judgment on the issue of liability must [*3]establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries (see Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889-890 [2d Dept 2011]). "Generally, it is for the trier of fact to determine the issue of proximate cause" (Kalland, 84 AD3d at 890, citing Howard v Poseidon Pools, 72 NY2d 972, 974 [1988]; Scala v Scala, 31 AD3d 423, 424 [2006]). "However, the issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the established facts" (Kalland, 84 AD3d at 889). In the case at bar, the Court could not determine as a matter of law that the plaintiff's fall was proximately caused by the inadequacy of the illumination over the single step. 
Consequently, the defendant's motion for summary judgment and the plaintiff's motion for summary judgment are denied without regard to the sufficiency of the opposing party's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
CONCLUSION
The motion by defendant Ferrantino and Company Inc. for an order pursuant to CPLR 3212 granting summary judgment in its favor and dismissing the complaint of Joanne G. Pelletteri is denied.
The cross-motion by plaintiff Joanne G. Pelletteri for summary judgment in plaintiff's favor on the issue of liability against the defendant Ferrantino and Company Inc. is denied.
The foregoing constitutes the decision and order of this Court.
ENTER:
J.S.C.

Footnotes

Footnote 1: The plaintiff filed a cross-motion which also served as opposition to defendant's motion.