Vargas v 1417 Prospect, LLC (2025 NY Slip Op 04036)

Vargas v 1417 Prospect, LLC

2025 NY Slip Op 04036

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2024-06403
 (Index No. 536638/22)

[*1]Edwin Vargas, respondent, 
v
1417 Prospect, LLC, et al., appellants.

Cascone & Kluepfel, LLP, Farmingdale, NY (Howard B. Altman and Kyle Silverstein of counsel), for appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated March 25, 2024. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
On July 11, 2022, the plaintiff allegedly was injured when he tripped and fell as he descended exterior stairs leading to the basement of certain premises located in Bronx County. In December 2022, the plaintiff commenced this action against the defendants, alleging that they were negligent in the ownership and maintenance of the premises by allowing the exterior stairs to be in a defective condition. The defendants moved for summary judgment dismissing the complaint. In an order dated March 25, 2024, the Supreme Court denied the defendants' motion. The defendants appeal.
"Generally, it is for the trier of fact to determine the issue of proximate cause" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889; see Howard v Poseidon Pools, 72 NY2d 972, 974; Scala v Scala, 31 AD3d 423, 424). "However, the issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the established facts" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d at 889; see Howard v Poseidon Pools, 72 NY2d at 974; Scala v Scala, 31 AD3d at 424). To sustain the burden of proving a prima facie case, "the plaintiff in a negligence action 'must generally show that the defendant's negligence was a substantial cause of the events which produced the injury'" (Lapidus v State of New York, 57 AD3d 83, 94, quoting Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315). Although the issue of proximate cause is generally for the jury, "liability may not be imposed upon a party who merely furnishes the condition or occasion for the occurrence of the event but is not one of its causes" (Ely v Pierce, 302 AD2d 489, 489; see Saviano v City of New York, 5 AD3d 581, 582).
The defendants established their prima facie entitlement to judgment as a matter of law by submitting, inter alia, surveillance video of the plaintiff's accident, which showed that the plaintiff did not trip as a result of the defendants' alleged negligence but, rather, intentionally jumped down the exterior stairs to avoid a rodent. Even if the defendants were negligent in allowing the exterior stairs to be in a defective condition, this merely furnished the occasion for the accident and [*2]any alleged negligence of the defendants did not proximately cause the accident, as the plaintiff's jump superseded the defendants' conduct (see Egan v A.J. Constr. Corp., 94 NY2d 839, 841; Estrella v Fujitec Am., Inc., 177 AD3d 544, 545; Jenkins v New York City Hous. Auth., 11 AD3d 358, 359-360). In opposition, the plaintiff failed to raise a triable issue of fact.
In light of the foregoing, we need not consider the defendants' remaining contention.
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
BARROS, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court