IVELIS SALEM, Appellant, v US BANK NATIONAL ASSOCIATION, as Trustee for SECURED ASSET SECURITIES CORPORATION TRUST 2005 WF4, et al., Respondents, et al., Defendant. [918 NYS2d 532]—

The plaintiff, the former owner of the subject real property (hereinafter the property), commenced this action, inter alia, to recover damages for wrongful eviction and trespass, and sought treble damages pursuant to RPAPL 853 in connection with the defendants' removal and replacement of the locks securing the house erected on the property. The plaintiff nonetheless concedes that the defendant US Bank National Association, as trustee for Secured Asset Securities Corporation Trust 2005 WF4 (hereinafter US Bank), obtained title to the property after purchasing it at a foreclosure sale. US Bank and the defendant Prudential Action Real Estate (hereinafter together the defendants) respectively moved and cross-moved for summary judgment, arguing only that the plaintiff had abandoned the premises. The Supreme Court granted those branches of the motion and cross motion which were for summary judgment dismissing the first, second, and seventh causes of action insofar as asserted against each of the defendants.

The defendants made a prima facie showing of entitlement to judgment as a matter of law. In support of their respective motion and cross motion for summary judgment, the defendants submitted the plaintiff's deposition testimony, in which she admitted that, at the time that the locks were changed, she had moved her furniture into a separate residence, where she had been staying, and where she had obtained utility service in her name. The plaintiff's neighbor confirmed that the plaintiff had not been living at the property for eight or nine months prior to the date on which the locks were changed, and the individuals whom the defendants sent to inspect the property discovered the doors unlocked, the house substantially empty, and clothing strewn on the floor as if it were trash. This evidence demonstrated that the plaintiff had abandoned the premises and that the defendants, therefore, could not be liable for wrongful eviction, including treble damages, or for trespass (see Golonka v Plaza at Latham, 270 AD2d 667, 670 [2000]; Gold v Schuster, 264 AD2d 547, 550 [1999]; ZCWK Assoc. v Spadaro, 233 AD2d 126, 127 [1996]; see generally Zimmerman v Carmack, 292 AD2d 601 [2002]; cf. Lyke v Anderson, 147 AD2d 18, 24-25 [1989]). Since the plaintiff failed to raise a triable issue of fact in response to that showing, those branches of the motion and cross motion which were for summary judgment dismissing the first, second, and seventh causes of action against each of the defendants were properly granted. Mastro, J.P., Skelos, Eng and Sgroi, JJ., concur.