■ FIDA MARTINEZ, Respondent, v 1261 REALTY CO., LLC, et al., Appellants. [995 NYS2d 581]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), dated September 19, 2012, which denied their motion for summary judgment dismissing the complaint and denied their separate motion to strike the plaintiff's note of issue and to, inter alia, compel certain disclosure.

Ordered that the order is affirmed, with costs.

Contrary to the defendants' contention, the Supreme Court properly denied their motion for summary judgment dismissing the complaint. In the complaint, as amplified by the bill of particulars, the plaintiff alleged, inter alia, that her slip-and-fall in the stairway of a building owned by the defendant 1261 Realty Co., LLC, and managed by the defendant ABRO Management Corp., was caused by the defendants' negligence in allowing water to remain on the stairway and in improperly painting the stairs with a glossy material, without using nonslip additives or applying nonskid strips. The plaintiff further alleged that the defendants were negligent in failing to comply with

various provisions of the Administrative Code of the City of New York, including section 27-375. As relevant here, Administrative Code § 27-375 (h) provides that "[i]nterior stairs shall have solid treads" and that "[t]reads and landings shall be built of or surfaced with nonskid materials."

In moving for summary judgment dismissing the complaint, the defendants failed to establish, prima facie, either that the subject stairs were in compliance with this section of the Administrative Code or that this section was inapplicable (*see Lesocovich v 180 Madison Ave. Corp.*, 81 NY2d 982, 985 [1993]; *Mora v Cammeby's Realty Corp.*, 106 AD3d 704, 705 [2013]; *Pappalardo v New York Health & Racquet Club*, 279 AD2d 134, 140 [2000]; *cf. Trader v New York City Hous. Auth.*, 117 AD3d 1032 [2014]). The defendants merely argued that the alleged code violations should be stricken from the bill of particulars because the plaintiff failed to substantiate them with an expert affidavit or other admissible evidence. However, "[a]s a general rule, a party does not carry its burden in moving for summary judgment by pointing to gaps in its opponent's proof, but must affirmatively demonstrate the merit of its claim or defense" (*L&D Serv. Sta., Inc. v Utica First Ins. Co.*, 103 AD3d 782, 783 [2013]; *see Griffith v JK Chopra Holding, LLC*, 111 AD3d 666, 666-667 [2013]; *Shafi v Motta*, 73 AD3d 729, 730 [2010]).

The defendants maintain that since the plaintiff testified during her deposition that she slipped on water, they did not have to address the applicability of Administrative Code § 27-375 (h) as part of their prima facie case inasmuch as a violation of this section of the Administrative Code could not have been the proximate cause of her injuries. However, "[t]here may be more than one proximate cause of an accident" (*Gestetner v Teitelbaum*, 52 AD3d 778, 778 [2008]; *see Scala v Scala*, 31 AD3d 423, 424-425 [2006]). Affording the plaintiff the benefit of every reasonable inference (*see Petersel v Good Samaritan Hosp. of Suffern, N.Y.*, 99 AD3d 880, 880 [2012]; *Johnson v Culinary Inst. of Am.*, 95 AD3d 1077, 1079 [2012]), the plaintiff's deposition testimony does not contradict the allegation in her bill of particulars that the stair's alleged noncompliance with Administrative Code § 27-375 (h) played a causal role in her injuries. Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, it is unnecessary to consider the sufficiency of the plaintiff's opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The Supreme Court also properly denied the defendants' separate motion to strike the note of issue and to, inter alia, compel

certain disclosure, on the ground that the defendants' affirmation of their good faith effort to resolve the dispute with the plaintiff did not substantively comply with the requirements of 22 NYCRR 202.7 (*see* 22 NYCRR 202.7 [c]; *Matos v Mira Realty Mgt. Corp.*, 240 AD2d 214 [1997]; *Vasquez v G.A.P.L.W. Realty*, 236 AD2d 311, 312 [1997]; *see also Deutsch v Grunwald*, 110 AD3d 949, 950 [2013]; *Matter of Greenfield v Board of Assessment Review for Town of Babylon*, 106 AD3d 908, 908 [2013]). Rivera, J.P., Hall, Austin and Roman, JJ., concur.