De Sanchez v Trevz Trucking LLC (2015 NY Slip Op 00622)





De Sanchez v Trevz Trucking LLC


2015 NY Slip Op 00622


Decided on January 27, 2015


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2015

Tom, J.P., Acosta, Saxe, Moskowitz, Feinman, JJ.


14020 310658/11

[*1] Enidia Perez De Sanchez, Plaintiff-Respondent,
v
Trevz Trucking LLC, et al., Defendants-Appellants, Francisco A. Sanchez, Defendant.


Lester Schwab Katz & Dwyer, LLP, New York (Steven B. Prystowsky of counsel), for appellants.
Reardon & Sclafani, P.C., Tarrytown (Michael V. Sclafani of counsel), for respondent.



Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered October 25, 2013, which, to the extent appealed from as limited by the briefs, denied defendants-appellants' motion for an order compelling plaintiff to submit to an independent neurological examination after the note of issue was filed, unanimously affirmed, without costs.
Defendants failed to demonstrate that they conferred with plaintiff's counsel in a good faith effort to resolve the disclosure issues raised by the motion, or that there was "good cause why no such conferral ... was held" (Uniform Rules for Trial Cts [22 NYCRR] § 202.7[a][2], [c]; see 241 Fifth Ave. Hotel, LLC v GSY Corp., 110 AD3d 470, 471-472 [1st Dept 2013]; Martinez v 1261 Realty Co., LLC, 121 AD3d 955, 956-957 [2d Dept 2014]). Under the circumstances, including that defendants' orthopedic expert addressed all of plaintiff's claimed injuries in his report and examination, and the fact that plaintiff appeared twice for the scheduled examination but the defendants' expert refused to conduct the exam due to defendants' failure to have an interpreter present, the court providently exercised its discretion in determining that defendants waived their right to conduct a neurological examination by failing to make arrangements [*2]necessary to perform the exam within the extended deadline set by the compliance conference order (see Colon v Yen Ru Jin, 45 AD3d 359 [1st Dept 2007]; Rosenberg & Estis, P.C. v Bergos, 18 AD3d 218 [1st Dept 2005]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 26, 2015
CLERK