■ KHRYSTYNA OVCHARENKO, Respondent, v 65TH BOOTH ASSOCIATES et al., Appellants, et al., Defendant. [16 NYS3d 763]—In an action to recover damages for wrongful eviction, conversion, and intentional infliction of emotional distress, the defendants 65th Booth Associates, Ramesh Sarva, and Omar Goksell appeal from so much of an order of the Supreme Court, Queens County (Taylor, J.), entered October 22, 2013, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging wrongful eviction, and denied their cross motion for summary judgment dismissing the complaint and to compel discovery.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging wrongful eviction, and substituting a provision therefor denying that branch of the plaintiff's motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants 65th Booth Associates, Ramesh Sarva, and Omar Goksell payable by the plaintiff.

The plaintiff made a prima facie showing of her entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging wrongful eviction. However, in opposition, the defendants 65th Booth Associates, Ramesh Sarva, and Omar Goksell (hereinafter collectively the appellants) raised triable issues of fact as to whether the plaintiff abandoned the subject premises (*see Riverside Research Inst. v KMGA, Inc.*, 68 NY2d 689, 691-692 [1986]; *Salem v US Bank N.A.*, 82 AD3d 865, 866 [2011]; *North Main St. Bagel Corp. v Duncan*, 6 AD3d 590, 591 [2004]; *East Hampton Flight Servs. v Town of E. Hampton*, 262 AD2d 273, 273 [1999]; *see also Lyke v Anderson*, 147 AD2d 18, 20-21 [1989]). Because there are triable issues of fact as to all the causes of action, the Supreme Court also properly denied that branch of the appellants' motion which was for summary judgment dismissing the complaint.

Moreover, the Supreme Court properly denied that branch of

the appellants' motion which sought to compel certain discovery, since the affirmation submitted by the appellants' attorney failed to substantively comply with the requirements of 22 NYCRR 202.7 (*see* 22 NYCRR 202.7 [a]; *Martinez v 1261 Realty Co., LLC*, 121 AD3d 955, 956 [2014]). Rivera, J.P., Balkin, Miller and LaSalle, JJ., concur.