Bronstein v Charm City Hous., LLC (2019 NY Slip Op 06058)





Bronstein v Charm City Hous., LLC


2019 NY Slip Op 06058


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-06309 
2018-09584
 (Index No. 515432/15)

[*1]Irina Bronstein, appellant, 
v
Charm City Housing, LLC, et al., respondents.


The Leyvi Law Group, P.C., Brooklyn, NY (Maksim Leyvi of counsel), for appellant.
Thomas Torto, New York, NY (Jason Levine of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, unjust enrichment, and fraudulent inducement, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated April 27, 2018, and (2) an order of the same court dated June 15, 2018. The order dated April 27, 2018, insofar as appealed from, granted the defendants' cross motion pursuant to CPLR 3126 to strike the amended complaint. The order dated June 15, 2018, granted the defendants' motion to resettle the order dated April 27, 2018, and denied the plaintiff's cross motion for leave to renew her opposition to that branch of the defendants' prior cross motion which was pursuant to CPLR 3126 to strike the amended complaint.
ORDERED that the order dated April 27, 2018, is reversed insofar as appealed from, on the law, the defendants' cross motion pursuant to CPLR 3126 to strike the amended complaint is denied, and the order dated June 15, 2018, is vacated; and it is further,
ORDERED that the appeal from the order dated June 15, 2018, is dismissed as academic in light of our determination on the appeal from the order dated April 27, 2018, and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action in December 2015, alleging that the defendant Amos Weinberg, an attorney, through his company, the defendant Charm City Housing, LLC (hereinafter together the defendants), defrauded her and breached a contract they entered into with respect to investments in real property in Baltimore, Maryland. The defendants filed an answer and served discovery demands. The plaintiff failed to respond and, by preliminary conference order dated August 11, 2017, the plaintiff was required to respond to all outstanding discovery demands within six weeks. A compliance conference order dated December 15, 2017, also directed the plaintiff to respond to the defendants' discovery requests within six weeks.
In January 2018, before the time for compliance with the December 15, 2017, order had expired, the plaintiff moved to consolidate this action with another action, which alleged similar claims of fraud against the same defendants. The defendants cross-moved pursuant to CPLR 3126(3) to strike the amended complaint, with prejudice, for failure to comply with court-ordered [*2]discovery. By order dated April 27, 2018, the Supreme Court granted the defendants' cross motion and, in effect, denied the plaintiff's motion to consolidate. The defendants moved to resettle the prior order to clarify that the striking of the amended complaint was with prejudice. The plaintiff cross-moved for leave to renew her opposition to that branch of the defendants' prior cross motion which was to strike the amended complaint. By order dated June 15, 2018, the Supreme Court granted the defendants' motion and denied the plaintiff's cross motion. The plaintiff appeals from both orders.
Pursuant to 22 NYCRR 202.7(a) and (c), a motion relating to disclosure must be accompanied by an affirmation from moving counsel attesting to a good faith effort to resolve the issues raised in the motion, including the time, place and nature of the consultation as well as the issues discussed. Here, the affirmation of good faith submitted by the defendants' counsel in support of the cross motion for sanctions pursuant to CPLR 3126 failed to provide any detail of the claimed efforts to resolve the issues. While the defendants' counsel asserted that he had conversations with the plaintiff's counsel, he did not identify the dates of such conversations or the name of the attorney with whom he conversed. Therefore, the cross motion should have been denied (see Ovcharenko v 65th Booth Assoc., 131 AD3d 1144, 1144-1145; Martinez v 1261 Realty Co., LLC, 121 AD3d 955, 956-957; Matter of Greenfield v Board of Assessment Review for Town of Babylon, 106 AD3d 908, 908; Natoli v Milazzo, 65 AD3d 1309, 1310-1311).
In light of our determination, the plaintiff's remaining contentions have been rendered academic.
RIVERA, J.P., DUFFY, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court