Mejias v City of New York (2020 NY Slip Op 03008)





Mejias v City of New York


2020 NY Slip Op 03008


Decided on May 27, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 27, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-12427
 (Index No. 25864/11)

[*1]Julio Mejias, et al., appellants, 
v
City of New York, et al., respondents, et al., defendant.


Law Office of Stefano A. Filippazzo, P.C., Brooklyn, NY (Louis A. Badolato of counsel), for appellants.
Lester Schwab Katz & Dwyer, LLP, New York, NY (Daniel S. Kotler of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated October 27, 2017. The order granted the motion of the defendants City of New York and New York City Department of Education for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants City of New York and New York City Department of Education which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against the defendant New York City Department of Education, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiffs payable by the defendant New York City Department of Education.
The plaintiff Julio Mejias (hereinafter the plaintiff), who was employed as a building manager for nonparty Temco Service Industries, allegedly was injured when he slipped and fell on an exterior step outside the lunchroom delivery entrance at Curtis Estabrook School. The plaintiff, and his wife suing derivatively, commenced this action against the defendants City of New York and the New York City Department of Education (hereinafter the DOE, and together with the City, the defendants), and another defendant. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them, contending, inter alia, that they were not liable for the plaintiff's injuries because a storm was in progress when the action occurred, the alleged defect in the step was trivial as a matter of law, and the plaintiff's injuries were caused by the allegedly defective condition he was responsible for repairing. In addition, the defendants contended that the City was not a proper party to this action because it did not operate or control the school. The Supreme Court granted the defendants' motion, and the plaintiff appeals.
"Under the so-called storm in progress' rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (Marchese v Skenderi, 51 AD3d 642, [*2]642; see Solazzo v New York City Tr. Auth., 6 NY3d 734, 735; Pankratov v 2935 OP, LLC, 160 AD3d 757, 758). Here, although it is undisputed that a storm was in progress at the time of the plaintiff's accident, the defendants failed to eliminate triable issues of fact as to whether an allegedly defective condition with the step caused or contributed to the plaintiff's injuries (see Indarjali v Indarjali, 132 AD3d 1277, 1277; Martinez v 1261 Realty Co., LLC, 121 AD3d 955, 956; Vosper v Fives 160th, LLC, 110 AD3d 544, 545; Velez v 955 Tenants Stockholders, Inc., 66 AD3d 1005, 1006). In support of their motion, the defendants submitted transcripts of the plaintiff's testimony at a hearing pursuant to General Municipal Law § 50-h and deposition testimony, in which the plaintiff attributed his accident to both wetness on the step from a mixture of rain and sleet and the alleged unevenness of the step. There may be more than one proximate cause of an accident, and here, the defendants failed to establish, prima facie, that the alleged unevenness of the step was not a proximate cause of the plaintiff's accident (see Martinez v 1261 Realty Co., LLC, 121 AD3d at 956; Gestetner v Teitelbaum, 52 AD3d 778, 778; Scala v Scala, 31 AD3d 423, 424-425).
Nevertheless, the defendants contend that the alleged defect in the step was trivial as a matter of law. "A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect, or the surrounding circumstances do not increase the risks it poses" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79). "In determining whether a defect is trivial as a matter of law, the court must examine all of the facts presented, including the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (Hopkins v St. Agnes R.C. Church at Rockville Ctr., 160 AD3d 705, 706 [citation and internal quotation marks omitted]; see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 77; Trincere v County of Suffolk, 90 NY2d 976, 978). Here, the defendants failed to establish, prima facie, that the alleged defect in the step was trivial as a matter of law (see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 82-83; Parham v New York City Hous. Auth., 177 AD3d 446, 447; Coker v McMillan, 177 AD3d 680, 681). Although the plaintiff testified that the downward curvature of the step spanned approximately five feet, the width of the step, the defendants did not present any expert testimony or testimony from their own witnesses as to the extent of the unevenness or downward curvature of the step (see Munasca v Morrison Mgt. LLC, 111 AD3d 564, 564). Further, the defendants submitted the DOE's 2010-2011 building condition assessment survey for the school, which indicated that the step was in "poor" condition, described the deficiency as "stone deteriorated substrate," and noted "replace substrate and reset" as a potential action. Although "[p]hotographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable" (Schenpanski v Promise Deli, Inc., 88 AD3d 982, 984), the only photograph submitted by the defendants in their moving papers was a small, black-and-white photograph of the step in the building condition assessment survey for the school, which was indistinct and failed to establish that the alleged defect was trivial as a matter of law (see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 82-83; Pitt v New York City Tr. Auth., 146 AD3d 826, 828; Deviva v Bourbon St. Fine Foods & Spirit, 116 AD3d 654, 655; Munasca v Morrison Mgt. LLC, 111 AD3d at 564).
The defendants also failed to demonstrate their prima facie entitlement to judgment as a matter of law on the ground that the plaintiff was injured by the condition he was responsible for repairing (see Torres v Board of Educ. of the City of N.Y., 175 AD3d 1584, 1586; Arcabascio v Bentivegna, 142 AD3d 1120, 1121; Rosciano v Royal Farms, 236 AD2d 599, 599). The defendants failed to eliminate all triable issues of fact as to whether the plaintiff was responsible for repairing the allegedly defective step, as the plaintiff testified at his deposition that such an allegedly major repair would have to be referred to the New York City School Construction Authority. Further, the defendants failed to establish, prima facie, that the plaintiff's responsibility for cordoning off allegedly defective conditions, such as the step, prohibited the plaintiff from recovery, or that cordoning off the step was possible under the circumstances of this case.
Therefore, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against the DOE, regardless of the sufficiency of the plaintiffs' papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
However, the defendants established, prima facie, that the City is entitled to judgment as a matter of law dismissing the complaint insofar as asserted against it by submitting evidence that this action involved an accident that occurred on public school premises, and that the City did not operate, maintain, or control the school (see Dilligard v City of New York, 170 AD3d 955, 957; Mathis v Board of Educ. of City of N.Y., 126 AD3d 951, 953; Cohen v City of New York, 119 AD3d 725, 725; Miner v City of New York, 78 AD3d 669, 670). In opposition, the plaintiffs failed to raise a triable issue of fact as to the City's liability. Therefore, we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the City.
AUSTIN, J.P., MALTESE, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court