Winter v ESRT Empire State Bldg., LLC (2022 NY Slip Op 00332)





Winter v ESRT Empire State Bldg., LLC


2022 NY Slip Op 00332


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
SHERI S. ROMAN
DEBORAH A. DOWLING, JJ.


2019-07581
 (Index No. 600134/15)

[*1]John Winter, et al., plaintiffs-respondents,
v
ESRT Empire State Building, LLC, et al., defendants third-party plaintiffs, Otis Elevator Company, defendant third-party defendant-appellant.


McNamara & Horowitz LLP, New York, NY (David Paul Horowitz and Katryna L. Kristoferson of counsel), for defendant third-party defendant-appellant.
Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren Bryant], of counsel), for plaintiffs-respondents.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, etc., the defendant third-party defendant appeals from an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), entered April 25, 2019. The order denied the defendant third-party defendant's motion to compel certain disclosure from the plaintiffs and to impose penalties in the event of noncompliance.
ORDERED that the order is affirmed, with costs.
The plaintiff John Winter (hereinafter the injured plaintiff) allegedly was injured when he was struck in the head by the door of a freight elevator on the loading dock of the Empire State Building. The building is owned and operated by the defendants third-party plaintiffs ESRT Empire State Building, LLC, and Empire State Realty Trust, Inc. (hereinafter together the ESRT defendants). The defendant third-party defendant, Otis Elevator Company (hereinafter Otis), serviced and maintained the elevators in the building pursuant to an elevator maintenance contract with the ESRT defendants.
The injured plaintiff, and his wife suing derivatively, commenced an action against the ESRT defendants. Subsequently, the ESRT defendants commenced a third-party action against Otis. The plaintiffs then commenced a separate action against Otis. By stipulation and order entered April 16, 2018, the actions were consolidated.
The plaintiffs alleged in their bill of particulars that the injured plaintiff sustained a traumatic brain injury, among other injuries, as a result of the subject accident. During discovery Otis moved, inter alia, to compel the production of authorizations for all of the injured plaintiff's treating physicians and healthcare providers (hereinafter the prior discovery motion). During the pendency of the prior discovery motion, three certification conferences were conducted regarding Otis's outstanding discovery requests. The Supreme Court directed the plaintiffs to provide the outstanding authorizations and discovery. The plaintiffs complied with the court's directive.
Upon receipt and review of the injured plaintiff's medical records, Otis alleged that the claim for traumatic brain injury was not supported by the medical records. By letter dated February 14, 2019, Otis requested that the plaintiffs amend their bill of particulars to withdraw the claim for traumatic brain injury. The plaintiffs did not respond. By notice of motion dated March 25, 2019, Otis moved to compel disclosure of a medical report or expert opinion diagnosing the injured plaintiff with a traumatic brain injury and to impose penalties in the event of noncompliance. By order entered April 25, 2019, the Supreme Court denied Otis's motion. Otis appeals.
Pursuant to 22 NYCRR 202.7(a), a motion relating to disclosure must be accompanied by "an affirmation that counsel has conferred with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion." The affirmation "shall indicate the time, place and nature of the consultation and the issues discussed and any resolutions, or shall indicate good cause why no such conferral with counsel for opposing parties was held" (22 NYCRR 202.7[c]). Failure to provide an affirmation of good faith which substantively complies with 22 NYCRR 202.7(c) warrants denial of the motion (see Bronstein v Charm City Hous., LLC, 175 AD3d 454, 455; Ovcharenko v 65th Booth Assoc., 131 AD3d 1144, 1144-1145).
Here, the Supreme Court properly denied Otis's motion on the ground that the affirmation of good faith submitted therewith did not substantively comply with the requirements of 22 NYCRR 202.7, as it did not evince a diligent effort by Otis to resolve the discovery dispute (see Vera v New York El. & Elec. Corp., 150 AD3d 927, 928; Martinez v Realty Co., LLC, 121 AD3d 955, 956-957).
In light of our determination, we need not reach the parties' remaining contentions.
CONNOLLY, J.P., HINDS-RADIX, ROMAN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court