MICHAEL FURNARI et al., Appellants, v CITY OF NEW YORK, Respondent. [933 NYS2d 248]—

Plaintiff was injured while playing softball on an asphalt multi-purpose play area at a City park located in the Bronx. After fielding a ball, plaintiff fell when he planted his foot to throw the ball. He claims that he fell as a result of an uneven playing surface caused by or concealed by a tar patch applied by defendant City.

At the close of plaintiffs' evidence, the trial court granted the City's motion to dismiss the complaint, finding that the plaintiffs had failed to show that City had received written notice of the defect under New York City Administrative Code § 7-201 (c) and that the injured plaintiff had assumed a risk inherent in the sport of softball and the risk of playing despite an open and obvious defect. These conclusions were error.

The trial court was incorrect in finding that New York City Administrative Code § 7-201 (c) required written notice of the defect in the asphalt softball field. The court gave section 7-201 (c) (1) (a) an expansive reading, finding that the definition of street, which includes the terms "public way, public square, [and] public place" can be read to include the playing fields of a public park. This reading of section 7-201 (c), however, places it in direct conflict with General Municipal Law § 50-e (4), which limits the areas where written notice of a defect must be provided to a municipality to a street, highway, bridge, culvert, sidewalk or crosswalk (*Walker v Town of Hempstead*, 84 NY2d 360 [1994]). The City, in enacting the Code, cannot have intended to expand the definition of street in this way, which would conflict with state law.

The trial court's presupposition that written notice was required also led to an improvident exercise of its discretion in excluding evidence proffered by plaintiff. During the testimony of defendant's employee responsible for inspecting the park, the trial court excluded a work order request for the use of hot tar to repair the asphalt field on the ground that the witness could not state with certainty that it was for the exact area where plaintiff fell. However, it is where written notice is required that the City is not liable unless the written notice pinpoints the particular defect (*see e.g. Curci v City of New York*, 209 AD2d 574 [1994]). Here, the work order was relevant to show that the application of the hot tar obscured the cracks and depression in the surface, creating or adding to a defective condition.

Finally, the trial court's determination that plaintiff assumed the risk of his injury because it was (a) inherent in the sport and (b) open and obvious, was in error. Plaintiff did not testify that he fell in pursuit of the ball, rather he stated that after

moving to catch the hit ball on a bounce, he fell in the act of planting his foot to throw. He described it as his left foot getting "stuck" in something, he did not know what, causing him to fall. This accident was caused by an unevenness in the field or playing surface, which is not inherent in the sport when it is played on an asphalt surface, which is presumably flat (*see Warren v Town of Hempstead*, 246 AD2d 536 [1998]).

Furthermore, under these circumstances, it cannot be said as a matter of law that this defect was open and obvious and not inherently dangerous, but rather, issues of fact are presented for determination by a jury (*Westbrook v WR Activities-Cabrera Mkts.*, 5 AD3d 69 [2004]). Concur—Moskowitz, J.P., Renwick, DeGrasse and Abdus-Salaam, JJ.