■ MARILYN DAVIDOFF, Individually and as Administratrix of the Estate of SHELDON DAVIDOFF, Deceased, Respondent, v

FIRST DEVELOPMENT CORPORATION et al., Appellants. [48 NYS3d 755]—

In an action, inter alia, to recover damages for wrongful death, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Mayer, J.), dated April 28, 2015, which denied their motion for summary judgment dismissing the amended complaint.

Ordered that the order is affirmed, with costs.

The defendant Vets & Sparton, LLC, owned a shopping center in Hauppauge, and the defendant First Development Corporation was the property manager of that premises. On July 22, 2011, Sheldon Davidoff (hereinafter the decedent) and his wife, Marilyn Davidoff (hereinafter the plaintiff), were shopping at the shopping center. The decedent and the plaintiff were crossing the parking lot toward their car, when the decedent stepped up onto an allegedly cracked curb, fell backward, and sustained fatal injuries.

The plaintiff thereafter commenced this action, individually and as administrator of the decedent's estate, against the defendants. The defendants moved for summary judgment dismissing the amended complaint, and the Supreme Court denied the motion. The defendants appeal.

"Ordinarily, a defendant moving for summary judgment in a trip-and-fall case has the burden of establishing that it did not create the hazardous condition that allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it" (*Ash v City of New York*, 109 AD3d 854, 855 [2013]). However, a defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall (*see McRae v Venuto*, 136 AD3d 765, 766 [2016]; *Davis v Sutton*, 136 AD3d 731, 732 [2016]; *Rivera v J. Nazzaro Partnership, L.P.*, 122 AD3d 826, 827 [2014]). " '[A] plaintiff's inability to identify the cause of the fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation' " (*Ash v City of New York*, 109 AD3d at 855, quoting *Alabre v Kings Flatland Car Care Ctr., Inc.*, 84 AD3d 1286, 1287 [2011] [internal quotation marks omitted]; *see Blocker v Filene's Basement #51-00540*, 126 AD3d 744, 745 [2015]).

Here, viewing the evidence in the light most favorable to the

plaintiff, the defendants failed to establish, prima facie, that the plaintiff cannot identify what caused the decedent to fall. In support of their motion, the defendants submitted the deposition testimony of the plaintiff, who witnessed the accident. The plaintiff's deposition testimony demonstrated the existence of a triable issue of fact as to whether the decedent fell as a result of the allegedly cracked condition of the curb in the parking lot (*see Baldasano v Long Is. Univ.*, 143 AD3d 933, 933 [2016]; *Zorin v City of New York*, 137 AD3d 1116, 1117 [2016]; *Davis v Sutton*, 136 AD3d at 732; *Martino v Patmar Props., Inc.*, 123 AD3d 890, 891 [2014]). Accordingly, the defendants failed to make a prima facie showing of their entitlement to judgment as a matter of law on this ground.

"There can be more than one proximate cause of an accident" (*Cox v Nunez*, 23 AD3d 427, 427 [2005]), and " '[g]enerally, it is for the trier of fact to determine the issue of proximate cause' " (*Miller v United Parcel Serv., Inc.*, 131 AD3d 1023, 1024 [2015], quoting *Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d 889, 889 [2011]). "However, the issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the established facts" (*Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d at 889). Here, the defendants' submissions, including the affidavits of their expert witnesses, failed to establish, prima facie, that the allegedly dangerous condition of the curb was not a proximate cause of the decedent's fall.

A landowner has no duty to protect or warn against an open and obvious condition if the condition is not inherently dangerous as a matter of law (*see Weiss v Half Hollow Hills Cent. School Dist.*, 70 AD3d 932, 933 [2010]; *Cupo v Karfunkel*, 1 AD3d 48, 51-53 [2003]). A condition is open and obvious if it is readily observable to those employing the reasonable use of their senses (*see Giambruno v Wilbur F. Breslin Dev. Corp.*, 56 AD3d 520, 521 [2008]). The issue of whether a dangerous condition is open and obvious is fact-specific and usually a question for a jury (*see Stoppeli v Yacenda*, 78 AD3d 815, 816 [2010]; *Shah v Mercy Med. Ctr.*, 71 AD3d 1120 [2010]). Here, the defendants failed to demonstrate, prima facie, that the alleged dangerous condition of the curb was open and obvious and not inherently dangerous as a matter of law (*see Parente v City of New York*, 144 AD3d 1117, 1118 [2016]; *Furnari v City of New York*, 89 AD3d 605, 607 [2011]).

The defendants' remaining contention need not be reached in light of our determination.

Accordingly, the Supreme Court properly denied the defend-

ants' motion for summary judgment. Eng, P.J., Leventhal, Cohen and Duffy, JJ., concur.