Parrinello v Independence Plaza SC, LLC (2020 NY Slip Op 07905)





Parrinello v Independence Plaza SC, LLC


2020 NY Slip Op 07905


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-10578
 (Index No. 606703/15)

[*1]Pietro Parrinello, respondent, 
v
Independence Plaza SC, LLC, et al, appellants.


Cuomo LLC, Mineola, NY (Matthew A. Cuomo of counsel), for appellants Independence Plaza SC, LLC, and Kimco Realty Corporation.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley of counsel), for appellant BDH Landscaping Corp.
Rosenberg & Gluck, LLP, Holtsville, NY (Michael Famiglietti of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Independence Plaza SC, LLC, and Kimco Realty Corporation appeal, and the defendant BDH Landscaping Corp. separately appeals, from an order of the Supreme Court, Suffolk County (Peter H. Mayer, J.), dated July 24, 2018. The order, insofar as appealed from by the defendants Independence Plaza SC, LLC, and Kimco Realty Corporation, denied their motion for summary judgment dismissing the complaint insofar as asserted against them. The order, insofar as appealed from by the defendant BDH Landscaping Corp., denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.
On February 12, 2014, the plaintiff allegedly slipped and fell on snow and ice piled on a long, concrete island that he was crossing to get from the parking lot of the Independence Plaza shopping center (hereinafter the shopping center) in Selden to a restaurant in the shopping center. The concrete island, which was covered with about 2½ feet of snow and ice, separated the parking stalls in the parking lot from a service road in front of the stores on the north side of the shopping center.
The plaintiff commenced this personal injury action against the owner of the property, Independence Plaza SC, LLC, and the property management company, Kimco Realty Corporation (hereinafter together the Independence defendants), as well as the shopping center's snow removal contractor, BDH Landscaping Corp. (hereinafter BDH). The Independence defendants moved for summary judgment dismissing the complaint insofar as asserted against them, and BDH separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied both motions, and the Independence defendants and BDH separately appeal.
We agree with the Supreme Court's determination to deny the motion of the Independence defendants for summary judgment dismissing the complaint insofar as asserted against them. A property owner has a duty to maintain its premises in a reasonably safe condition (see Peralta v Henriquez, 100 NY2d 139, 144; Basso v Miller, 40 NY2d 233, 241). In moving for summary judgment in a slip-and-fall case, the defendant has the burden of establishing, prima facie, that it neither created the hazardous condition which caused the plaintiff's injury nor had actual or constructive notice of such condition (see Fisher v Kasten, 124 AD3d 714; Ryan v Taconic Realty Assoc., 122 AD3d 708). There is, however, no duty to protect or warn against conditions that are open and obvious and not inherently dangerous (see Cupo v Karfunkel, 1 AD3d 48, 51). Consequently, to obtain summary judgment on such a basis, a defendant must establish that the condition which caused the plaintiff's injury was both open and obvious and, as a matter of law, was not inherently dangerous (see Crosby v Southport, LLC, 169 AD3d 637, 640). "In such circumstances, the condition which caused the accident cannot fairly be attributed to any negligent maintenance of the property" (Cupo v Karfunkel, 1 AD3d at 52).
Here, the evidence submitted by the Independence defendants failed to establish, prima facie, that they did not have actual or constructive notice of the condition that allegedly caused the accident, or that the condition was not inherently dangerous. Their witness, the shopping center's property manager, testified at his deposition that he saw snow piled on top of the long, concrete island in February 2014, and he did not recall ever asking that it be removed. He also testified that he had seen people cross the concrete island to access the stores they intended to go to whenever he visited the shopping center.
We also agree with the Supreme Court's determination to deny BDH's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. A contractual obligation, standing alone, generally will not give rise to tort liability in favor of a third party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 138). However, the Court of Appeals has recognized three exceptions to the general rule: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (id. at 140 [citation and internal quotation marks omitted]). "As part of its prima facie showing, a contracting defendant is only required to negate the applicability of those Espinal exceptions that were expressly pleaded by the plaintiff or expressly set forth in the plaintiff's bill of particulars" (Glover v John Tyler Enters., Inc., 123 AD3d 882, 882; see Barone v Nickerson, 140 AD3d 1100, 1101; Foster v Herbert Slepoy Corp., 76 AD3d 210, 214).
Here, BDH failed to establish, prima facie, that its snow removal services did not create or exacerbate the condition that allegedly caused the accident. Although BDH submitted a transcript of the deposition testimony of its president, describing its typical snow removal practices at the shopping center, it submitted no evidence concerning snow removal efforts for the snowfall which preceded the plaintiff's accident. Therefore, it did not affirmatively establish that it did not launch a force or instrument of harm (see Yvars v Marble Hgts. of Westchester, Inc., 158 AD3d 850, 851). In addition, BDH failed to make a prima facie showing that the condition that allegedly caused the accident was not inherently dangerous (see Crosby v Southport, LLC, 169 AD3d at 640), or that the plaintiff's conduct was the sole proximate cause of his injuries (see Kriz v Schum, 75 NY2d 25, 36; cf. Polomski v Deluca, 161 AD3d 1116).
RIVERA, J.P., AUSTIN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court