Reyes v S. Nicolia & Sons Realty Corp. (2023 NY Slip Op 00340)

Reyes v S. Nicolia & Sons Realty Corp.

2023 NY Slip Op 00340

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
JANICE A. TAYLOR, JJ.

2020-03614
 (Index No. 605543/18)

[*1]Louis Reyes, appellant, 
v
S. Nicolia & Sons Realty Corp., respondent.

Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Andrew J. Fisher], of counsel), for appellant.
Tromello & Fishman, Melville, NY (A.G. Chancellor III of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Fernando Camacho, J.), dated May 5, 2020. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint and denied, as academic, the plaintiff's cross-motion for leave to serve a second supplemental bill of particulars.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, without costs or disbursements, the defendant's motion for summary judgment dismissing the complaint is denied and the plaintiff's cross-motion for leave to serve a second supplemental bill of particulars is denied on the merits.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he tripped and fell on exterior steps at premises owned by the defendant. The plaintiff testified at his deposition that he fell after he stepped on a water hose which he had previously placed on the steps and which he could not see at the time of his fall due to inadequate lighting in the area of the steps. After the completion of discovery, the defendant moved for summary judgment dismissing the complaint. The plaintiff cross-moved for leave to serve a second supplemental bill of particulars. In an order dated May 5, 2020, the Supreme Court granted the defendant's motion, and denied the plaintiff's cross-motion as academic. The plaintiff appeals.
In support of its motion for summary judgment dismissing the complaint, the defendant contended that the plaintiff's own conduct in laying the hose across the steps was the sole proximate cause of his injuries. "There can be more than one proximate cause of an accident and [g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Davidoff v First Dev. Corp., 148 AD3d 773, 775 [internal quotation marks and citations omitted]). Here, the defendant failed to eliminate triable issues of fact as to whether inadequate lighting in the area of the subject steps contributed to the plaintiff's accident (see Wolfe v North Merrick Union Free Sch. Dist., 122 AD3d 620, 622).
A defendant moving for summary judgment in a premises liability case may also establish its prima facie entitlement to judgment as a matter of law by demonstrating that it neither [*2]created nor had actual or constructive notice of the existence of the allegedly hazardous condition for a sufficient length of time to discover and remedy it (see Xin Li v Mercy Med. Ctr., 199 AD3d 735). Here, the deposition testimony of the defendant's witness that he would have known if the light fixture near the steps was not working was conclusory and speculative, and failed to address the adequacy of the lighting, even assuming that the light fixture was working (see Streit v DTUT, 302 AD2d 450, 451). While the defendant further contends that the plaintiff's deposition testimony regarding the inadequacy of the lighting was not credible, "[t]he function of the court on a motion for summary judgment is not to resolve issues of fact or determine matters of credibility, but merely to determine whether such issues exist" (Flaccavento v John's Farms, 173 AD3d 1141, 1142 [internal quotation marks omitted]).
Since the defendant failed to meet its initial burden as the movant, the Supreme Court should have denied its motion for summary judgment dismissing the complaint, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Contrary to the plaintiff's contention, the proposed amendment to the bill of particulars, which raised a new theory of liability after discovery had been completed, was prejudicial to the defendant (see Achee v Merrick Vil., Inc., 208 AD3d 542, 543; King v Marwest, LLC, 192 AD3d 874, 876). Furthermore, the proposed new theory of liability was patently without merit, in light of the plaintiff's deposition testimony. Accordingly, the plaintiff's cross-motion for leave to serve a second supplemental bill of particulars should have been denied on the merits.
IANNACCI, J.P., CHAMBERS, MALTESE and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court