Marmol v Pina Constr. Corp. (2023 NY Slip Op 02505)

Marmol v Pina Constr. Corp.

2023 NY Slip Op 02505

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
JANICE A. TAYLOR, JJ.

2020-08750
 (Index No. 619727/17)

[*1]Jose Marmol, respondent,
v
Pina Construction Corp., appellant.

Marshall Conway & Bradley, P.C., New York, NY (Amy Weissman of counsel), for appellant.
Faber & Troy, Woodbury, NY (Salvatore V. Agosta of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Sanford N. Berland, J.), dated June 23, 2020. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured while moving a plastic storage tote containing rain water that had accumulated from a leak in the roof of the pharmacy where he was employed. The plaintiff commenced this personal injury action against the defendant, the property owner, asserting, inter alia, a cause of action for common-law negligence. The defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendant appeals.
The defendant argues that any negligence on its part was not the proximate cause of the plaintiff's accident. "Generally, it is for the trier of fact to determine the issue of proximate cause" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889; see Davidoff v First Dev. Corp., 148 AD3d 773, 775). Additionally, there may be more than one proximate cause of a plaintiff's accident (see Reyes v S. Nicolia & Sons Realty Corp., 212 AD3d 851, 852; Martino v Patmar Props., Inc., 123 AD3d 890, 892). Here, the defendant's submissions, including a transcript of the plaintiff's deposition testimony, failed to establish, prima facie, that the alleged dangerous condition of the leaking roof was not a proximate cause of the plaintiff's accident (see Davidoff v First Dev. Corp., 148 AD3d at 775; Bush v Mechanicville Warehouse Corp., 69 AD3d 1207, 1209; see also Molberger v D & F Realty of Westchester Corp., 269 AD2d 372, 373; Jackson v New York City Hous. Auth., 214 AD2d 605, 606). Further, contrary to the defendant's contention, it failed to establish, prima facie, that the plaintiff was injured by a condition he was responsible for repairing (see Mejias v City of New York, 183 AD3d 886, 888; Torres v Board of Educ. of the City of N.Y., 175 AD3d 1584, 1586; Arcabascio v Bentivegna, 142 AD3d 1120, 1121).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly denied the defendant's motion for summary [*2]judgment dismissing the complaint, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CONNOLLY, J.P., MALTESE, ZAYAS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court