Bowen v Westchester County Corr. Facility (2025 NY Slip Op 04699)

Bowen v Westchester County Corr. Facility

2025 NY Slip Op 04699

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2024-03503
 (Index No. 66777/18)

[*1]James Bowen, appellant, 
v
Westchester County Correctional Facility, respondent.

The Ottley Law Firm, P.C., Brooklyn, NY (Roland G. Ottley of counsel), for appellant.
John M. Nonna, County Attorney, White Plains, NY (Alida L. Marcos of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Damaris E. Torrent, J.), dated December 21, 2023. The order granted the defendant's motion for summary judgment dismissing the amended complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the amended complaint is denied.
The plaintiff commenced this action against the defendant to recover damages for personal injuries he allegedly sustained when he slipped and fell due to the presence of a pile of wet garbage on the floor of the defendant's premises. The defendant moved for summary judgment dismissing the amended complaint. In an order dated December 21, 2023, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"A property owner has a duty to maintain its premises in a reasonably safe condition" (Parrinello v Independence Plaza SC, LLC, 189 AD3d 1441, 1442), which "may also include the duty to warn of a dangerous condition" (Darginsky v Food Parade, Inc., 217 AD3d 748, 748 [internal quotation marks omitted]). "However, there is no duty to protect or warn against conditions that are open and obvious and not inherently dangerous" (Ferruzzi v Village of Saltaire, 219 AD3d 1310, 1311; see Brett v AJ 1086 Assoc., LLC, 189 AD3d 1153, 1154).
"In moving for summary judgment in a slip-and-fall case, the defendant has the burden of establishing, prima facie, that it neither created the hazardous condition which caused the plaintiff's injury nor had actual or constructive notice of such condition" (Parrinello v Independence Plaza SC, LLC, 189 AD3d at 1442) or, alternatively, that the alleged condition "was both open and obvious, and not inherently dangerous" (Martinez v Fairfield Hills E., LLC, 213 AD3d 837, 837; see Johnson v Acumen Capital Partners, LLC, 213 AD3d 746, 747). "The issue of whether a condition is open and obvious and not inherently dangerous is case-specific, and usually a question of fact for a jury" (Clayton v Marcy Supermarket & Deli Corp., 191 AD3d 842, 843).
Here, the defendant failed to establish, prima facie, that it neither created nor had [*2]actual or constructive notice of the condition that allegedly caused the plaintiff to fall (see Gordon v American Museum of Natural History, 67 NY2d 836, 838; Parrinello v Independence Plaza SC, LLC, 189 AD3d 1441) or that the condition was open and obvious and not inherently dangerous (see Nafatliyeva v Shoprite of Ave. I, 233 AD3d 793; Rosenman v Siwiec, 196 AD3d 523, 525). The defendant also failed to establish, prima facie, that the plaintiff was the sole proximate cause of his injuries (see Reyes v S. Nicolia & Sons Realty Corp., 212 AD3d 851, 852; Davidoff v First Dev. Corp., 148 AD3d 773, 775). Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the amended complaint, we need not consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendant's remaining contention is improperly raised for the first time on appeal.
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the amended complaint.
MILLER, J.P., FORD, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court