Rhee v Apple, Inc. (2025 NY Slip Op 07324)

Rhee v Apple, Inc.

2025 NY Slip Op 07324

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2024-04403
 (Index No. 522563/20)

[*1]Judy Rhee, respondent, 
v
Apple, Inc., et al., appellants.

ArentFox Schiff LLP, New York, NY (Katia Asche of counsel), for appellants.
Sullivan Papain Block McManus Coffinas & Cannavo P.C., New York, NY (Stephen C. Glasser and Christopher J. DelliCarpini of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated February 22, 2024. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained when she tripped and fell on a sidewalk in Brooklyn. The property adjacent to the sidewalk was owned by the defendant Redbridge Bedford, LLC (hereinafter Redbridge), incorrectly sued herein as 247 Bedford Associates, LLC, and Redsky Management, LLC, and leased to the defendant Apple, Inc. (hereinafter Apple).
The defendants moved for summary judgment dismissing the complaint. The defendants submitted, inter alia, a transcript of the deposition testimony of the plaintiff. The plaintiff testified that she was walking on the sidewalk and noticed stacks of cardboard boxes on her right, against the defendants' property, some of which were collapsed and had toppled over, covering the sidewalk. In that same area, the plaintiff saw bags of garbage and recycling on her left, next to the curb, and to her right in front of the stacked cardboard boxes. The plaintiff was unable to go around the cardboard boxes on the sidewalk because of the garbage and recycling bags, cars parked "front to back," with no gap at the curb, and an adjacent tree bed that she was not comfortable walking into. As the plaintiff attempted to walk over the cardboard boxes on the sidewalk, her foot caught on the corner of a box and she tripped and fell. In support of their motion, the defendants contended, among other things, that they owed no duty to protect the plaintiff against an open and obvious condition that was not inherently dangerous. In an order dated February 22, 2024, the Supreme Court denied the defendants' motion. The defendants appeal.
A defendant moving for summary judgment in a trip-and-fall case generally has the initial burden of establishing, prima facie, that it neither created nor had actual or constructive notice of the alleged hazardous condition for a sufficient length of time to discover and remedy it (see Piltie v Ofori, 223 AD3d 688, 688; Leem v 152-24 N., LLC, 201 AD3d 918, 919). A defendant may also demonstrate its entitlement to summary judgment by establishing that the condition which caused the plaintiff's injury was both open and obvious and, as a matter of law, was not inherently [*2]dangerous (see Naftaliyeva v Shoprite of Ave. I, 233 AD3d 793, 794; Parrinello v Independence Plaza SC, LLC, 189 AD3d 1441, 1443).
Contrary to the defendants' contention, they failed to establish that the condition which caused the plaintiff's injury was not an inherently dangerous tripping hazard or that it could not fairly be attributed to any negligence or negligent maintenance on the defendants' part (see Parrinello v Independence Plaza SC, LLC, 189 AD3d at 1443; Crosby v Southport, LLC, 169 AD3d 637, 640; Cupo v Karfunkel, 1 AD3d 48, 53). Viewing the evidence in the light most favorable to the plaintiff (see Bazdaric v Almah Partners LLC, 41 NY3d 310, 316), it established that the plaintiff was unable to safely avoid the collapsed stack of cardboard boxes covering the sidewalk (cf. DiScalo v Mannix Family Mkt. Forest & Richmond Ave, LLC, 206 AD3d 693, 694; Mathis v D.D. Dylan, LLC, 119 AD3d 908, 909).
Morever, the defendants failed to establish that Apple did not create the condition which caused the plaintiff's injury, as they submitted no evidence regarding Apple's garbage disposal on the day of the plaintiff's accident or evidence of a custom and practice establishing a strict routine from which a lack of negligence could be inferred (see Galetta v Galetta, 21 NY3d 186, 197-198; Huertas v Town of Smithtown, 226 AD3d 656, 658). Similarly, the defendants failed to establish that Redbridge satisfied its obligation under the Administrative Code of the City of New York § 7-210 to maintain the sidewalk in a reasonably safe condition, as the defendants submitted no evidence as to when the sidewalk was last cleaned or inspected (see Wendy-Geslin v Oil Doctors, 226 AD3d 727, 730; Weinburg v 235 Ocean Assoc., LLC, 108 AD3d 524, 525).
The defendants' remaining contentions either are without merit or need not be reached in light of our determination. Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., WOOTEN, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court