Leon v Nduka (2026 NY Slip Op 01191)

Leon v Nduka

2026 NY Slip Op 01191

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-06716
 (Index No. 60836/22)

[*1]Irene Ortiz Leon, appellant, 
vSolomon Nduka, et al., respondents.

Bailly and McMillan, LLP, White Plains, NY (Keith McMillan of counsel), for appellant.
Goldberg, Miller & Rubin, New York, NY (Warren D. Holland of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Robert S. Ondrovic, J.), dated May 24, 2024. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff was a house cleaner who was employed by the defendants to clean their home. On October 17, 2020, the plaintiff allegedly slipped and fell on an area rug in the defendants' living room while cleaning and sustained injuries. The plaintiff alleged that the area rug was not secured as it normally was by the legs of a couch and that, as a result, she slipped and fell while walking on it.
The plaintiff commenced this action to recover damages for personal injuries against the defendants. The defendants moved for summary judgment dismissing the complaint. In an order dated May 24, 2024, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"'Property owners have a common-law duty to maintain property in a reasonably safe condition, but there is no duty to protect or warn against conditions that are open and obvious and not inherently dangerous'" (Niyazov v Ditmas Mgt. Corp., 237 AD3d 1104, 1105, quoting Beier v Giglio, 230 AD3d 733, 733). "In moving for summary judgment in a slip-and-fall case, the defendant has the burden of establishing, prima facie, that it neither created the hazardous condition which caused the plaintiff's injury nor had actual or constructive notice of such condition or, alternatively, that the alleged condition was both open and obvious, and not inherently dangerous" (Naftaliyeva v Shoprite of Ave. I, 233 AD3d 793, 794 [citation and internal quotations marks omitted]; see Martinez v Fairfield Hills E., LLC, 213 AD3d 837, 837; Parrinello v Independence Plaza SC, LLC, 189 AD3d 1441, 1442).
"'The determination of whether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances, and whether a condition is not inherently dangerous, or constitutes a reasonably safe environment, depends on the totality of the specific facts of each [*2]case'" (Velazquez v County of Westchester, 237 AD3d 1137, 1139, quoting Rider v Manhattan Monster, Inc., 208 AD3d 807, 808; see Evans v Fields, 217 AD3d 656, 656). "Whether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (Tamburo v Long Is. Univ., 229 AD3d 828, 829 [internal quotation marks omitted]; see Trincere v County of Suffolk, 90 NY2d 976, 977; Jaklitsch v Kelly, 176 AD3d 792, 793).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint. The defendants demonstrated that they maintained their premises in a reasonably safe condition, that the area rug was not defective, and, under the circumstances of this case, that the placement of the rug at the time of the accident was not inherently dangerous and was readily observable by the reasonable use of the plaintiff's senses (see Villalba v Daughney, 214 AD3d 843, 844; Sprott v IKEA N.Y., LLC, 169 AD3d 851, 851-852; DeLorenzo v Bales, 129 AD3d 1013). In opposition, the plaintiff failed to raise a triable issue of fact (see Villalba v Daughney, 214 AD3d at 844).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
GENOVESI, J.P., WARHIT, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court