Fitzmorris v Alexander (2025 NY Slip Op 03044)

Fitzmorris v Alexander

2025 NY Slip Op 03044

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2022-01948
 (Index No. 610815/19)

[*1]Anguin Fitzmorris, appellant, 
v
Nicole Alexander, respondent.

Borrell & Riso, LLP, Staten Island, NY (John Riso of counsel), for appellant.
Martyn, Smith, Murray & Yong, Hauppauge, NY (Douglas Blumenthal of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered November 8, 2021. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
On July 24, 2019, the plaintiff allegedly was injured when he fell while ascending a staircase leading to his second-floor apartment located in a two-story building owned by the defendant. The plaintiff subsequently commenced this action to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint. In an order entered November 8, 2021, the Supreme Court, inter alia, granted the defendant's motion. The plaintiff appeals.
"In a premises liability case, a defendant property owner . . . who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the alleged defective condition nor had actual or constructive notice of its existence" (Curto v Kahn Prop. Owner, LLC, 225 AD3d 660, 660 [internal quotation marks omitted]; see Kontorinakis v 27-10 30th Realty, LLC, 172 AD3d 835, 836). "[A] defendant moving for summary judgment can [also] make a prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of the plaintiff's fall without engaging in speculation" (Gardell v Arden Ave. Homeowners Assn., 228 AD3d 834, 835; see Curto v Kahn Prop. Owner, LLC, 225 AD3d at 661).
Here, the defendant failed to establish, prima facie, that the plaintiff was unable to identify the cause of his fall without resorting to speculation (see Gasparik v Pirraglia Realty Corp., 219 AD3d 1312, 1313; Palahnuk v Tiro Rest. Corp., 116 AD3d 748, 749). In support of her motion, the defendant submitted, among other things, a transcript of the plaintiff's deposition testimony, wherein he testified that he could not see where he was stepping because of poor lighting conditions in the stairwell, and as he attempted to place his left foot on a step, either the handrail shook or his [*2]foot slipped on the carpet, and he felt himself going backward. As the plaintiff's left foot was in the air, his right foot slipped backwards because the carpet was worn. As such, the plaintiff identified the cause of his fall as a combination of the lighting, the handrail, and the poor condition of the carpet. Therefore, the defendant failed to establish, prima facie, that the plaintiff did not know what had caused him to fall (see Palahnuk v Tiro Rest. Corp., 116 AD3d at 749). In addition, the defendant failed to establish, prima facie, that she did not have actual or constructive notice of the allegedly dangerous condition (Martino v Patmar Props., Inc., 123 AD3d 890, 891; Palahnuk v Tiro Rest. Corp., 116 AD3d at 749).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendant's remaining contention is without merit.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court